FISHER, Appellee,

v.

BARKER, Appellant.

[Cite as *Fisher v. Barker*, 159 Ohio App.3d 745, 2005-Ohio-1039.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20514.

Decided March 11, 2005.

746

Richard G. Snell, for appellee.

William O. Cass Jr., for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant, Helen Barker, appeals from a judgment rendered against her on a claim for conversion and improper entry into a tenant's residence. Barker contends that the trial court erred by permitting the jury to award compensatory damages with regard to the claim for conversion. She also contends that the award of punitive damages was improper.

{¶ 2} We conclude that because no evidence was offered to prove the value of the personal property of plaintiff-appellee, Leland Fisher, that was converted by Barker, the award of compensatory damages for conversion in the amount of $1,500 was error. We further conclude that in the absence of an award of compensatory damages for conversion, and with only nominal damages for conversion and an award of $500 for the wrongful entry, the punitive damages awarded—$20,000—are excessive.

{¶ 3} If Fisher elects to accept a remittitur of $15,000, reducing the amount of punitive damages awarded from $20,000—the amount originally awarded by the trial court—to $5,000, then the judgment of the trial court will be modified by vacating the award of compensatory damages for conversion, replacing that award with an award of $100 as nominal damages for conversion, and reducing the punitive damages to $5,000, and the judgment as modified, including the award of compensatory damages for wrongful intrusion and the award of attorney fees and costs, will be affirmed. Otherwise, if Fisher elects not to accept a remittitur, then the award of compensatory damages for conversion will be reversed and vacated, an award of $100 as nominal damages for conversion will be substituted therefor, the award of punitive damages will be reversed, the judgment will be affirmed in all other respects, and this cause will be remanded for consideration of the proper amount of punitive damages to award for conversion and for wrongful intrusion and for such other and further proceedings as may become appropriate or necessary.

## I

{¶ 4} Fisher filed a complaint against Barker, seeking damages for conversion and failure to give reasonable notice of intent to enter, in violation of the Landlord–Tenant Act, R.C. Chapter 5321. A jury trial was conducted, at which the following evidence was adduced.

{¶ 5} In August, 2001, Fisher entered into a lease agreement with Barker whereby Fisher agreed to pay $440 per month in exchange for the use of an apartment in a house owned by Barker. The lease was for a term of one year. The lease permitted Barker to enter the premises "at all reasonable times." At some point in March or April 2002, Barker entered the apartment without first notifying Fisher. Prior to the expiration of the lease term, a dispute arose regarding the payment of the rental fee, and Barker gave notice to Fisher that he should vacate the property.[1] Barker then entered the property, again without notifying Fisher, and removed items of personal property. Barker then put these items outside in the yard, where they were exposed to the elements. Barker then called Fisher's mother and notified her that Fisher should return to claim his property. The items were damaged by rain before Fisher was able to retrieve them. Fisher was not able to get into his apartment to retrieve several items of furniture.

{¶ 6} A jury awarded compensatory damages in the amount of $500 on the claim of failure to give reasonable notice of intent to enter, in violation of the Landlord–Tenant Act, and $1,500 on the claim of conversion of property. The jury also found that Barker had acted with malice and awarded $20,000 as punitive damages. Judgment was entered upon the jury's verdict. From this judgment, Barker appeals.

## II

{¶ 7} Barker's first assignment of error is as follows:

{¶ 8} "The trial court erred in allowing the jury to consider an award of damages for conversion."

{¶ 9} Barker contends that Fisher failed to present any evidence of the value of his personal property and that the trial court therefore erred by permitting the jury to consider this claim for compensatory damages.

{¶ 10} In general, "[t]he measure of damages in a conversion action is the value of the converted property at the time it was converted." *Rucker v. Alston,*

---

1. There does not appear to be any dispute that Barker did not follow the statutory procedure required for eviction.

Montgomery App. No. 19959, 2004-Ohio-2428, 2004 WL 1077843, ¶ 19. Fisher failed to present any evidence to establish the value of his converted personal property. He did not present any evidence of the original value of this property, the replacement value, or even the sentimental value. Indeed, he did not testify as to any amount that he believed the items to be worth. The only evidence presented consisted of photographs of the items and Fisher's testimony as to the type and age of his television. Therefore, any award of compensatory damages would be entirely speculative.

{¶ 11} However, some award of damages is appropriate because there is evidence in the record to support the jury's finding that Barker improperly converted items of personal property owned by Fisher. It is clear from the record that a claim for conversion exists with regard to a desk, a television, a chest of drawers, a couch, a baby crib, and assorted family photographs, documents, and sports memorabilia. "Once conversion is proven, the plaintiff is entitled to at least nominal damages." *Scales v. Progressive Builders, Inc.* (Nov. 4, 1982), Cuyahoga App. No. 44597, 1982 WL 2516. In the absence of evidence of compensatory damages, only nominal damages should be awarded. *Carpenter v. Sun TV & Appliances, Inc.* (Jan. 25, 1977), Franklin App. No. 76AP–784, 1977 WL 199868. "Nominal damages are awarded, not as pure compensation for the injury sustained, but in recognition of the complaining party's right, and the infraction or violation of such right by the defendant." Id.

{¶ 12} "Nominal damages should be limited to a minimal amount in terms of the monetary recovery." Id., citing *Lacey v. Laird* (1956), 166 Ohio St. 12, 1 O.O.2d 158, 139 N.E.2d 25. "The amount that may in a given case be determined to be 'nominal' depends upon the facts and circumstances." Id. Although we do not consider unreasonable the jury's award of $1,500 as its estimate, in the absence of any evidence of value, of the value of the property converted, we cannot say that this sum represents an award of nominal damages. While Ohio case law is not specific regarding what constitutes nominal damages, we have found cases in which sums ranging from one dollar to one hundred dollars have been awarded. See, e.g., *Campion v. Campion* (Nov. 8, 1984), Cuyahoga App. No. 47945, 1984 WL 3560; *Musick v. Linker* (June 20, 1990), Athens App. No. 1411, 1990 WL 85187; *Caserta v. Connolly*, Ottawa App. No. OT–03–004, 2004-Ohio-6001, 2004 WL 2569437, ¶ 15.

{¶ 13} We conclude that in the absence of evidence of value, the trial court erred in permitting the jury to award compensatory damages. Instead, the trial court should have directed the jury to consider an award of nominal damages only. Therefore, Barker's first assignment of error is sustained, and the judgment will be modified by reducing the amount of damages awarded for conversion

from the sum of $1,500 (compensatory damages) to the sum of $100 (nominal damages).

### III

{¶ 14} Barker's second assignment of error is as follows:

{¶ 15} "The jury's award of punitive damages was not supported by the evidence and/or was excessive."

{¶ 16} Barker contends that the evidence did not support an award of punitive damages. In support, she claims that the record is devoid of any evidence that she acted with malice. She further contends that the award of punitive damages was excessive.

{¶ 17} "[T]he purpose of punitive damages is not to compensate a plaintiff, but to punish and deter certain conduct." *Moskovitz v. Mt. Sinai Med. Ctr* (1994), 69 Ohio St.3d 638, 651, 635 N.E.2d 331. The focus of the award of punitive damages is the defendant, with consideration of the purpose of punishment and deterrence. *Dardinger v. Anthem Blue Cross & Blue Shield,* 98 Ohio St.3d 77, 781 N.E.2d 121, 2002-Ohio-7113, at ¶ 178. Punitive damages are available upon a finding of actual malice. *Calmes v. Goodyear Tire & Rubber Co.* (1991), 61 Ohio St.3d 470, 473, 575 N.E.2d 416. Actual malice is " '(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, *or* (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.' " (Emphasis sic.) Id., quoting *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus. Punitive damages may be awarded only upon clear and convincing evidence. *Cabe v. Lunich* (1994), 70 Ohio St.3d 598, 601, 1994-Ohio-4, 640 N.E.2d 159.

{¶ 18} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Const. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 376 N.E.2d 578. Furthermore, we must presume that the findings of the trier of fact are correct because the trier of fact is best able to observe the witnesses and use those observations in weighing the credibility of the testimony. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 10 OBR 408, 461 N.E.2d 1273.

{¶ 19} We first address Barker's claim that the evidence does not support a claim for punitive damages. In support, she contends that the record demonstrates that she is a kind, generous woman who had no intent to harm Fisher; and indeed, according to her testimony, Barker did not intend any harm. However, the record also supports a finding that Barker continually harassed

Fisher, that she attempted to evict him from the apartment without proper notice, and that she entered his apartment without reasonable grounds, or consent, to do so, with the intent to remove his personal belongings, despite the fact that she had no basis for believing that she had the right to take such action. The jury was free to believe this competing view of Barker, and if it did, we cannot say that it acted unreasonably in inferring malicious intent.

{¶ 20} We next address the claim that the damages were excessive. Barker argues that the jury's award of compensatory damages for the conversion claim obviously affected the award of punitive damages and that without those damages, the award would likely have been lower. We agree.

{¶ 21} The total amount of damages, after replacing the $1,500 compensatory damages awarded for conversion with an award of $100 as nominal damages, is $600. The award of punitive damages—$20,000—is approximately 33 times the amount of the actual damages. While we do not necessarily conclude from the amount of this multiplier that the punitive damage award is excessive, we conclude that because the jury's award of punitive damages is so high in relation to the amount of compensatory and nominal damages awarded, the reduction in total compensatory and nominal damages from $2,000 to $600 would likely affect the jury's calculation of punitive damages.

{¶ 22} This court has stated that when a verdict is excessive but not influenced by passion or prejudice, a trial court must offer the plaintiff a choice between remittitur or a new trial. If the plaintiff rejects remittitur, a new trial must be ordered. *Blust v. Lamar Advertising Co.* 157 Ohio App.3d 787, 794, 2004-Ohio-2433, 813 N.E.2d 902, ¶ 19 and 20.

{¶ 23} Barker's second assignment of error is sustained.

{¶ 24} We conclude that a reasonable amount of punitive damages in relation to the award of compensatory and nominal damages in the amount of $600 is $5,000. Therefore, Fisher may elect to accept a remittitur reducing the amount of punitive damages awarded from $20,000 to $5,000; otherwise, the award of punitive damages will be reversed, and this cause will be remanded for a determination of an award of punitive damages.[2]

## IV

{¶ 25} Barker's assignments of error are sustained. The award of compensatory damages for Fisher's claim of conversion, in the amount of $1,500, is vacated,

---

**2.** Fisher is not required to retry the issues of compensatory or nominal damages. See *Blust,* supra. Nor is he required to resubmit the issue of his entitlement to an award of punitive damages to a jury. Since we—have found no error in the determination that he is entitled to an award of punitive damages, just that the amount of punitive damages awarded is excessive.

and an award of nominal damages in the amount of $100 is substituted therefor. If Fisher elects, in a written entry filed with this court within 30 days of the filing of the judgment entry herein (with a copy to be filed in the trial court), to accept a remittitur reducing the amount of punitive damages awarded from the $20,000 originally awarded to the reduced sum of $5,000, then the award of punitive damages will be reduced accordingly, and, as modified, the judgment of the trial court, including the award of nominal damages for conversion, the award of compensatory damages for wrongful entry, and the award of attorneys fees and costs, will be affirmed.  Otherwise, the award of compensatory damages for conversion will be vacated, an award of nominal damages in the amount of $100 will be substituted therefor, the award of punitive damages will be reversed, the judgment, as modified, will be affirmed in all other respects, and this cause will be remanded for consideration of the amount of punitive damages to be awarded.

Judgment accordingly.

WOLFF and GRADY, JJ., concur.