**KELLY, Appellant,**

v.

**KELLY, Appellee.**

[Cite as *Kelly v. Kelly,* 163 Ohio App.3d 260, 2005-Ohio-4740.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2005 CA 7.

Decided Sept. 9, 2005.

Adelina E. Hamilton, for appellant.

John R. Butz, for appellee.

---

WOLFF, Judge.

{¶ 1} After a trial to the bench on David Kelly's complaint and Stacy Kelly's counterclaim, the court awarded David $9,600 on his complaint and awarded Stacy $4,000 on her counterclaim.

{¶ 2} Briefly, the parties were married August 25, 2002, and their marriage was annulled January 8, 2004, on the basis that Stacy had perpetrated a fraud by representing to David and the Catholic Church that she had not been married previously when, in fact, she had been married twice before.

{¶ 3} David learned six months after the marriage of Stacy's prior marriages, and their relationship deteriorated rapidly.

{¶ 4} In February 2003, David entered the parties' apartment and removed a number of items of personal property, including Stacy's wedding ring that David had given her. As to the rest of the items David removed from the apartment with the exception of "a little heart-shaped acrylic thing," David claimed that he removed only personal property belonging to him. Stacy claimed that everything that was taken belonged to her.

{¶ 5} David sued Stacy, asserting a number of claims, including a claim for his expenses in financing the wedding. Stacy counterclaimed, also asserting several claims, including a claim for damages for the property that David had removed from the apartment.

{¶ 6} On October 27, 2004, the parties waived trial by jury, and after the trial was completed, the trial court awarded David $9,600 on his complaint and awarded Stacy $4,000 on her counterclaim.

{¶ 7} Only David has appealed from the judgment on the counterclaim, asserting two assignments of error:

{¶ 8} "1. The trial court erred to Mr. Kelly's prejudice by awarding the defendant judgment based upon the wedding ring because, as a matter of law, Mr. Kelly was entitled to the ring, the ring was a conditional gift, and a marriage between the parties never existed.

{¶ 9} "2. The trial court erred to Mr. Kelly's prejudice by awarding the defendant judgment, against the manifest weight of the evidence, on her claim for conversion."

{¶ 10} The trial court included the value of the wedding ring in the $4,000 it awarded Stacy for the property that David removed from the apartment. David contends that the wedding ring was his property because he gave it to Stacy in contemplation of marriage which, by virtue of the annulment, was null and void from the beginning.

{¶ 11} Stacy has not disputed the merits of this contention but, rather, claims that this contention is waived by the failure to assert it in the trial court.

{¶ 12} In *State v. Peagler* (1996), 76 Ohio St.3d 496, 668 N.E.2d 489, the court stated:

{¶ 13} "While an appellate court may decide an issue on grounds different from those determined by the trial court, the evidentiary basis upon which the court of appeals decides a legal issue must have been adduced before the trial court and have been made a part of the record thereof." Id. at paragraph one of the syllabus.

{¶ 14} Here, David testified that he thought he was entitled to keep the ring, and in final argument his counsel argued that Stacy "is not entitled to that wedding ring. This whole deal was a fraud."

{¶ 15} A classic law school example of a conditional gift is the engagement ring given in contemplation of a marriage that doesn't take place.

{¶ 16} Given David's testimony and his counsel's argument, we believe that the trial court was put on notice that David was claiming that the ring was a conditional gift, even though the claim was not expressed in those terms.

{¶ 17} Having determined that the issue has been preserved for appellate review, we are in agreement with David that the wedding ring was a conditional gift, made in contemplation of marriage, which became David's property upon the annulment of the marriage. Although the law is well developed that engagement rings are normally regarded as conditional gifts that must be returned to the donor if the contemplated marriage does not occur, this principle has also been applied to situations where a gift has been made in contemplation of marriage and the marriage takes place but is later annulled. *Zsigmond v. Vandemberg* (Dec. 29, 1995), Portage App. No. 95–P–0006, 1995 WL 815349 (television set), *LaVigne v. Wise* (Sept. 29, 1999), 43 Pa. D. & C. 4th 225, 1999 WL 1565212 (wedding ring, relying on *Zsigmond* ).

{¶ 18} The first assignment is sustained.

{¶ 19} Given our disposition of the first assignment, the remaining issue under the second assignment is whether Stacy was entitled to judgment in any amount for conversion of personal property other than the wedding ring.

{¶ 20} David first contends that Stacy failed to demonstrate that she had demanded that David return her property and that he refused to do so, thus failing to prove conversion. Stacy testified, and the trial court apparently believed, that everything David had taken from the apartment belonged to her. She listed these items on defendant's Exhibit 14.

{¶ 21} As of the time David took these items, they were Stacy's property, and David's taking them was not lawful. When personal property is taken unlawfully, the demand for and refusal to return are not necessary.

{¶ 22} This fact pattern is controlled by the law explained in *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co.* (1985), 24 Ohio App.3d 91, 94, 24 OBR 160, 493 N.E.2d 289.

{¶ 23} "A demand and refusal in a conversion action are usually required to prove the conversion of property otherwise lawfully held. *Fidelity & Deposit Co. v. Farmers & Citizens Bank* (1943), 72 Ohio App. 432, 434 [27 O.O. 344, 52

N.E.2d 549]. In other words, if the original taking was rightful and no act of dominion or control inconsistent with plaintiff's ownership had taken place, a demand and refusal are necessary. Id."

{¶ 24} David next contends that Stacy failed to adequately establish that the items on her Exhibit 14 were her property, pointing to a fragment of her testimony. Placing that fragment, which we have emphasized, in the following quotation of her testimony, we find no deficiency:

{¶ 25} "Q. Okay. Show you what's marked as Defendant's Exhibit 14. That's a list of items that you are contending were—your property taken from—from you on that night; is that true?

{¶ 26} "A. Correct.

{¶ 27} "Q. And the values you put, are they the values that you think the property was worth on that date in kind of an open market?

{¶ 28} "A. Right. *It's just kind of an assumption of the things that, you know, were missing and the things that I also found in the Dumpster* that were destroyed. I mean, I didn't have—these are old items. I didn't have receipts for everything.

{¶ 29} "Q. Have you tried to put a fair value on what they were that night?

{¶ 30} "A. Yes, I tried." (Emphasis added.)

{¶ 31} Read in context, Stacy's "assumption" is reasonably interpreted as pertaining to values of items taken rather than an assumption as to what was taken.

{¶ 32} David next contends that Stacy failed to establish her damages to a reasonable degree of certainty. An owner is competent to testify as to the market value of his property. *Valigore v. Cuyahoga Cty. Bd. of Revision,* 105 Ohio St.3d 302, 2005-Ohio-1733, 825 N.E.2d 604. The measure of damages for a claim of conversion is the value of the property at the time it was converted. *Fisher v. Barker,* 159 Ohio App.3d 745, 2005-Ohio-1039, 825 N.E.2d 244.

{¶ 33} The above-quoted exchange between Stacy and her counsel is reasonably read as her valuation of her property as of the date David took it. Although the question was inartfully asked, we conclude that the last two quoted questions and answers conveyed her opinion of the fair market value of the property David took. As to the wedding ring, Stacy further opined that its value was $4,000, although its value on defendant's Exhibit 14 is listed at $3,000.

{¶ 34} Here, we conclude that Stacy presented competent evidence as to value, which the trial court weighed, as was its prerogative.

{¶ 35} Finally, David contends that the trial court committed plain error in considering defendant's Exhibit 14, which was admitted without objection.

{¶ 36} We see no basis for applying plain-error analysis in this civil case. See *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus. Secondly, and more to the point here, defendant's Exhibit 14 was not the only evidence of the value of Stacy's property. She offered her opinion, independent of defendant's Exhibit 14, that the wedding ring was worth $4,000. Thus, had the trial court been correct that the wedding ring continued to be converted property at the time of trial, there was evidence to support an award of damages to Stacy.

{¶ 37} That said, we have determined that the wedding ring became David's property upon the parties' marriage being annulled. As such, the wedding ring was no longer converted property at the time of trial, and its value should not have been included in the damages awarded to Stacy for the property of hers that David had taken.

{¶ 38} The trial court awarded Stacy a lump sum of $4,000 for all of the property listed on defendant's Exhibit 14, including the ring. Because Stacy was not entitled to damages for the ring, we will reverse the $4,000 judgment and remand the cause to the trial court for a determination of Stacy's damages that do not include the value of the wedding ring.

{¶ 39} The second assignment is sustained in part and overruled in part.

{¶ 40} The judgment will be reversed and the cause will be remanded for further proceedings consistent with this opinion.

Judgment accordingly.

FAIN and DONOVAN, JJ., concur.