[Cite as *Forbes v. Showmann, Inc.*, 2019-Ohio-2362.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| AMANDA FORBES, | : | APPEAL NO. C-180325 |
| | | TRIAL NO. 17CV-20441 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| SHOWMANN, INC., d.b.a. THE | : | |
| WOODHOUSE DAY SPA, | | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
Remanded

Date of Judgment Entry on Appeal:  June 14, 2019

*Gary F. Franke Co., L.P.A.*, and *Gary F. Franke*, for Plaintiff-Appellant,

*Reminger Co., L.P.A.*, *Chad E. Willits* and *Adair M. Smith*, for Defendant-Appellee.

**MOCK, Presiding Judge.**

{¶1} Plaintiff-appellant Amanda Forbes appeals the trial court's judgment granting summary judgment in favor of defendant-appellee Showmann, Inc., d.b.a. The Woodhouse Day Spa ("Showmann") on Forbes's claims of breach of contract, conversion and a violation of R.C. 4113.15. Because we find that there is a genuine issue of material fact with respect to Forbes's conversion claim, we reverse the trial court's grant of summary judgment on that claim, but affirm the trial court's judgment in all other respects.

### Relevant Facts and Background

{¶2} Forbes was hired as a nail technician by Showmann in 2011. On January 28, 2017, Forbes attended a work-related holiday party where Showmann distributed raffle tickets for employees to place in various containers in order to win certain prizes. It is undisputed that Forbes did not pay for her raffle ticket. One of the raffle prizes offered was a cruise package that included a $2000 Carnival Cruise gift card, a $500 Southwest Airlines gift card and a $200 Uber gift card ("the cruise package"). Only employees who had worked for Showmann for at least two years were eligible to enter the raffle for the cruise package. Forbes entered the raffle, and Chris Wood, the owner of Showmann, announced at the party that Forbes had won the cruise package. Forbes stated in her affidavit that she requested her prize the day after the raffle but she did not receive it. Showmann terminated Forbes's employment a few weeks after the holiday party. Wood testified in his deposition that Forbes was not given the cruise package because that specific raffle prize was conditioned on the recipient being an employee at the time the cruise was taken. Forbes testified in her affidavit that she was not told that the prize was conditioned

2

upon being an employee at the time the trip was to be taken until after she was terminated.

{¶3} Forbes sued Showmann for breach of contract, conversion and a violation of R.C. 4113.15, alleging that the cruise package she had won had been wrongfully withheld from her. Showmann moved for summary judgment on all of Forbes's claims, which the trial court granted.

{¶4} Forbes now appeals that judgment, arguing in a single assignment of error that the trial court erred by granting summary judgment in favor of Showmann.

{¶5} Our review of the trial court's decision to grant summary judgment is de novo. *See Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162, 703 N.E.2d 841 (4th Dist.1997). Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *See State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 375 N.E.2d 46 (1978).

## Breach of Contract

{¶6} A contract consists of an offer, an acceptance, and consideration. *See Tersigni v. Gen. Tire, Inc.*, 91 Ohio App.3d 757, 760, 633 N.E.2d 1140 (9th Dist.1993).

> Without consideration, there can be no contract. Under
>
> Ohio law, consideration consists of either a benefit to the

promisor or a detriment to the promisee. To constitute consideration, the benefit or detriment must be "bargained for." Something is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise.

(Citations omitted.) *Carlisle v. T & R Excavating, Inc.*, 123 Ohio App.3d 277, 704 N.E.2d 39 (9th Dist.1997). Whether there is consideration supporting a contract is a question of law. *Irving Leasing Corp. v. M & H Tire Co.*, 16 Ohio App.3d 191, 475 N.E.2d 127 (2d Dist.1984).

{¶7} Here, there is no evidence in the record of any benefit accruing to Showmann or any detriment suffered by Forbes by her accepting a complimentary raffle ticket for the cruise package that would constitute consideration for a contract. It is undisputed that Forbes did not pay for the ticket to enter the raffle. Forbes argues that the consideration she gave in exchange for the cruise package was working for Showmann for two years. But that was not consideration; it was merely a condition to being eligible to receive a complimentary raffle ticket for the cruise package.

{¶8} Because Forbes did not bargain, i.e., pay, for the ticket used to enter the raffle for the cruise package, there was no consideration and, thus, no contract was formed. *See, e.g.*, *Scott v. Sons of Am. Legion Agnew Shinabarger Post 307,* 6th Dist. Williams No. WM02017, 2003-Ohio-3106 (holding that a contract was formed where a raffle sponsor made an offer of a grand prize, plaintiff accepted the offer by paying $100 for a raffle ticket, and the raffle sponsor benefitted from that purchase because it had received money to put in its scholarship fund). Because no contract

4

was formed, Forbes cannot sustain her breach-of-contract claim, and the trial court properly granted summary judgment to Showmann on that claim.

## R.C. 4113.15

{¶9}   In her complaint, Forbes claims that Showmann violated R.C. 4113.15, Ohio's Prompt Pay Act, by failing to give her the raffle prize she had won.  Forbes maintains that the raffle prize is a "fringe benefit" she was entitled to receive.  We are unpersuaded.  R.C. 4113.15(D)(2) defines "fringe benefits" as "includ[ing] but not limited to health, welfare, or retirement benefits, * * * or vacation, separation, or holiday pay."  All of the examples of fringe benefits listed are items that are typically part of an employment relationship; a random, gratuitous raffle prize is not and is simply not on par with the type of benefits listed in the statute.  Because we hold that the raffle prize is not a fringe benefit in this case, the trial court properly entered summary judgment in favor of Showmann on Forbes's claim of a violation of R.C. 4113.15.

## Conversion

{¶10}  Conversion is "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from [her] possession under a claim inconsistent with [her] rights."  *Alexander v. Motorists Mut. Ins. Co.*, 1st Dist. Hamilton No. C-110836, 2012-Ohio-3911, ¶ 20.  To prevail on a conversion claim, a plaintiff must show: "(1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of the plaintiff's property right, and (3) damages."  *Id.*

{¶11}  Showmann argues in its motion for summary judgment that Forbes cannot prove the first or second elements of conversion.  Showmann claims that Forbes had no physical ownership of or right to possess the cruise package attached

5

to her winning raffle ticket. Showmann considers the winning raffle ticket a conditional gift. With respect to conditional gifts, an individual does not have true possession of the gift until the condition has been satisfied. *See Wilkin v. Wilkin*, 116 Ohio App.3d 315, 688 N.E.2d 27 (4th Dist.1996) (a father's gift of funds in a certificate of deposit to his daughter "on the condition she would use the money to take a French course" created an obligation for the daughter to return the gift when the condition was not met); *Kelly v. Kelly*, 163 Ohio App.3d 260, 2005-Ohio-4740, 837 N.E.2d 811, ¶ 17 (2d Dist.) ("engagement rings are normally regarded as conditional gifts that must be returned to the donor if the contemplated marriage does not occur"). Thus, Showmann maintains that even though Forbes received the winning raffle ticket the night of the raffle, Forbes was not entitled to possess the prize attached to that winning ticket because she had not fulfilled the condition of being an employee at the time that she was going to take the cruise.

{¶12} However, there is a dispute as to what specific conditions applied to the winning raffle ticket. Both parties agree that one condition to receiving the prize attached to the winning ticket was that the winner had to have been an employee of Showmann for two years at the time of the raffle. The parties agree that Forbes met that condition. They disagree over whether a second condition to the winning raffle ticket applied: that the winner had to be an employee of Showmann at the time the cruise was taken. Wood testified in his deposition that this was a condition to receiving the prize attached to the winning ticket. Forbes testified in her affidavit that winning the cruise package in the raffle was not conditioned on the winner being a current employee at the time the cruise was taken.

{¶13} If, as Forbes claims, there was no condition attached to the winning raffle ticket that she be an employee at the time the cruise is taken, then she may be

6

able to prove that she was entitled to possession of the cruise package on the night of the raffle and that Showmann wrongfully withheld it from her. Thus, given that there is a dispute over a genuine issue of material fact, and construing the evidence most strongly in favor of Forbes, the nonmoving party, we hold that summary judgment was improperly granted to Showmann on Forbes's claim of conversion.

{¶14} Accordingly, we sustain Forbes's assignment of error as to her conversion claim and overrule it in all other respects. The trial court's judgment granting summary judgment to Showmann on Forbes's conversion claim is reversed and this cause is remanded for further proceedings consistent with the law and this opinion on that claim. The court's judgment is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**MYERS** and **BERGERON, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.