[Cite as *Windward Ents., Inc. v. Valley City Dev. Group, L.L.C.*, 2019-Ohio-3419.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| WINDWARD ENTERPRISES, INC. | C.A. No.     18CA0001-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| VALLEY CITY DEVELOPMENT GROUP LLC, et al. | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO CASE No.     15CIV1092 |
| Appellees | |

DECISION AND JOURNAL ENTRY

Dated: August 26, 2019

SCHAFER, Presiding Judge.

{¶1} Plaintiff/Counterclaim Defendant-Appellant, Windward Enterprises, Inc. ("Windward") appeals the judgment of the Medina County Court of Common Pleas. For the reasons that follow, we affirm.

I.

{¶2} Windward filed a complaint in the Medina County Court of Common Pleas against Valley City Development Group, LLC ("Valley City"), Hat Creek Co., Inc., Shannondoah LLC ("Shannondoah"), Sean Lackey, Michelle Lackey, and Gandalf's Pub, alleging breach of a lease agreement and conversion of property. Windward is an Ohio corporation whose principals are Bruce Iacovelli and Joyce Hicks. Defendant-Appellee, Denise Pozderac, and Defendant/Counterclaim Plaintiff, Bryan Weber, are the principals of Defendant/Counterclaim Plaintiff, Valley City. The defendants all filed separate answers. Sean Lackey, Michelle Lackey, and Gandalf's Pub filed counterclaims against Windward alleging

abuse of process. Valley City subsequently filed an Amended answer and counterclaim alleging cognovit judgment on a promissory note, breach of a loan agreement, breach of a security agreement, replevin, and breach of lease. Bryan Weber filed a counterclaim against Windward alleging negligence and violation of Ohio's Dram Shop Act.

{¶3} The trial court granted Windward leave to file an amended complaint. Windward's amended complaint added Denise Pozderac as a defendant and alleged the following claims: (1) breach of lease against Valley City; (2) conversion of property against Valley City; (3) fraud against Pozderac and Valley City; and (4) piercing the corporate veil against Weber and Pozderac.

{¶4} This matter ultimately proceeded to a four day jury trial on Windward's amended complaint against Defendant-Appellee Denise Pozderac, Defendant/Counterclaim Plaintiff-Appellee Valley City, Defendant/Counterclaim Plaintiff-Appellee Bryan Weber, Shannondoah, and Hat Creek, and on the counterclaims of Valley City, Weber, and Hat Creek against Windward. During trial, the trial court granted Windward's oral motion to dismiss its claims against Weber, Pozderac, Hat Creek, and Shannondoah. The trial court also granted Valley City's oral motion to dismiss its counterclaim against Windward for replevin. Finally, the trial court granted Windward's motion for directed verdict as to Hat Creek's counterclaims and thereafter dismissed the counterclaims.

{¶5} The remaining claims were submitted to the jury following trial and the jury returned the following verdicts: (1) in favor of Valley City and against Windward on Valley City's breach of loan agreement claim in the amount of $10,470.00; (2) in favor of Valley City and against Windward on Valley City's breach of lease claim in the amount of $28,723.00; (3) in favor of Windward and against Weber on Weber's Dram Shop Act claim; (4) in favor of Valley

City on Windward's breach of lease claim; and (5) in favor of Windward on Windward's conversion claim in the amount of $0.00.

{¶6} The trial court thereafter entered judgment in accordance with the jury's verdict and assessed all costs to Windward. The Medina County Clerk of Courts determined the total amount of costs in this case to be $3,622.78.

{¶7} Windward subsequently filed contemporaneous motions to vacate judgment and for judgment notwithstanding the verdict or for a new trial. Windward's motion to vacate was made pursuant to Civ.R. 60(B)(1), (3), and (5), and asserted that the trial court had mistakenly assessed all costs to Windward since they were a prevailing party and Windward did not have the opportunity to approve the judgment entry submitted by the defendants to the trial court prior to the trial court issuing the entry. Windward's motion for judgment notwithstanding the verdict and for a new trial argued that it was entitled to a new trial on either the conversion claim, the loan agreement claim, or both, since the weight of the evidence showed that Windward had suffered monetary damage due to the conversion of their property despite the jury's award of $0.00. Valley City filed memorandums in opposition to both motions. The trial court ultimately denied Windward's motions.

{¶8} Windward filed this timely appeal, raising three assignments of error for our review.

II.

**Assignment of Error I**

**The court erred in denying [Windward]'s motion for judgment [notwithstanding the verdict] and a new trial as the jury's verdict in regard to damages on [Windward]'s conversion claim was clearly unsupported by the evidence.**

{¶9} Although Windward's first assignment of error states that the trial court erred in denying its motion for judgment notwithstanding the verdict and a new trial, Windward concedes in the argument portion of the assignment of error that the trial court did not err in denying its motion for judgment notwithstanding the verdict and instead only challenges the trial court's denial of its motion for a new trial based on Civ.R. 59. On appeal, Windward argues that the trial court abused its discretion when it denied Windward's motion for a new trial because (1) the jury's award is not supported by the evidence and is a manifest injustice; and (2) Valley City's expert testified that the converted property had value.

{¶10} The facts relevant to this assignment of error are as follows. Windward entered into a lease agreement with Shannondoah to rent a building where it planned to run a restaurant. Contemporaneously, Windward entered into an asset purchase agreement with Hat Creek to purchase certain restaurant equipment to be used at the restaurant location. Pursuant to the agreement, the purchase price of the equipment was $200,000.00. Windward was to pay a total of $100,000.00 to Hat Creek on or before the closing date of the agreement and the remaining $100,000.00 was to be paid to Hat Creek over a five year period at 5 percent interest. Windward executed a promissory note evidencing the balance of the purchase agreement together with a security agreement pledging the assets as security for payment of its obligation pursuant to the note. Pursuant to the security agreement, the assets were to be kept and maintained at the restaurant except by prior written consent of Hat Creek. Shannondoah subsequently sold the building where the restaurant was located to Valley City and assigned Valley City the lease agreement it had with Windward.

{¶11} Windward eventually defaulted on both the lease agreement with Valley City and its obligation pursuant to its promissory note with Hat Creek. Windward was three months

behind in rent and owed a remaining balance of $38,233.78 for the restaurant equipment. At that point, Windward and Valley City entered into an agreement: Valley City would pay off the $38,233.78 debt Windward owed to Hat Creek, and Windward agreed to re-pay Valley City the debt owed plus the amount owed for missed rent payments over a five-year period. The new lease agreement included a provision stating that in addition to the increased monthly rental obligation, Windward agreed to pay Valley City a certain amount of money "for loan to payoff Hatcreek Company."[1]

{¶12}  Windward continued to make payments under the new lease agreement for a few years before choosing to move its restaurant to a new location. Windward took some of the restaurant equipment subject to the original security agreement to use at the new location, but left a significant amount of equipment at the original location. After Windward moved from the location, Ms. Pozderac, a principal of Valley City, visited the property and discovered that the equipment had been moved and that the property was in a state of disrepair. Ms. Pozderac believed Windward had abandoned the property and changed the locks. Shortly thereafter, Mr. Iacovelli, a principal of Windward, attempted to reenter the property with a contractor in order to clean out the property and make minor repairs, but was prevented from entering due to the locks being changed.

{¶13} The present litigation followed and ultimately proceeded to a jury trial. Following deliberations, the jury found that Valley City had converted Windward's property, but did not award Windward any monetary damages. The jury also found that Windward had breached the loan agreement and awarded Valley City $10,470.00 in damages. Windward

---

[1] Although there was some dispute at trial as to whether Hat Creek assigned its security interest in the restaurant equipment to Valley City, resolution of that issue is not necessary to our discussion here.

moved for a new trial on the basis that there was an error in the amount of recovery, or, in the alternative, that the judgment was not sustained by the evidence. Following a hearing, the trial court denied Windward's motion, stating only that Windward had "failed to satisfy any of the grounds necessary to justify ordering a new trial as set forth in Civ.R. 59."

{¶14} Civ.R. 59 states in pertinent part,

A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

* * *

(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

(6) The judgment is not sustained by the weight of the evidence; * * * [.]

"When considering a motion for new trial, the trial court must abstain from disturbing the verdict unless it determines that the jury's damage assessment was so overwhelmingly disproportionate as to shock reasonable sensibilities." *Allied Erecting & Dismantling Co., Inc. v. Youngstown*, 151 Ohio App.3d 16, 2002-Ohio-5179, ¶ 60 (7th Dist.).

{¶15} "This Court's standard of review of an order denying a motion for a new trial depends upon the grounds of the motion. Depending upon the basis of the motion for a new trial, this Court will review a trial court's decision to grant or deny the motion under either a de novo or an abuse of discretion standard of review." (Internal quotations and citations omitted.) *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 17. Windward does not raise an issue of law, but instead challenges the trial court's exercise of discretion in denying its motion. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶16} To prevail on a claim of conversion, a plaintiff must demonstrate "(1) that it owned or had the right to control the property at the time of the conversion, (2) the defendant's wrongful act or disposition of the plaintiff's property rights, and (3) damages." *Pelmar USA, L.L.C. v. Mach. Exchange Corp.*, 9th Dist. Summit No. 25947, 2012-Ohio-3787, ¶ 12. The general rule for the measure of damages in a conversion claim is the value of the property at the time of the conversion. *Schaffer v. First Merit Bank, N.A.*, 186 Ohio App.3d 173, 2009-Ohio-6146, ¶ 28 (9th Dist.), quoting *Erie R. Co. v. Steinberg*, 94 Ohio St. 189 (1916), paragraph two of the syllabus. "However, the Supreme Court of Ohio has also held that '[i]n Ohio, as elsewhere, it is a rule of universal application in a tort action, that the measure of damages is that which will compensate and make the plaintiff whole.'" *Id.* at ¶ 29, quoting *Pryor v. Webber*, 23 Ohio St.2d 104, 107 (1970). Additionally, once a plaintiff has proven its claim for conversion, it is entitled to at least nominal damages. *Fisher v. Barker*, 159 Ohio App.3d 745, 2005-Ohio-1039, ¶ 11.

{¶17} On appeal, Windward argues first that the trial court abused its discretion because the jury's award in this case is not supported by the evidence and is a manifest injustice. *See* Civ.R. 59(A)(6). Specifically, Windward contends that it "is manifestly unjust that [Valley City] be permitted to keep the property, still receive payment for it, and not have to compensate Windward for its value." Thus, it appears Windward is arguing that the jury's verdicts are inconsistent. Alternatively, Windward argues the trial court abused its discretion because Valley City's expert testified that the converted property had value. *See* Civ.R. 59(A)(5).

{¶18} A new trial should be granted pursuant to Civ.R. 59(A)(6) "if the jury's verdict was not supported by competent, substantial, and credible evidence." *Pena v. Northeast Ohio Emergency Affiliates, Inc.*, 108 Ohio App.3d 96, 104 (9th Dist.1995), quoting *Dillon v. Bundy*, 72 Ohio App.3d 767, 773-774 (10th Dist.1992).

> When considering a Civ.R. 59(A)(6) motion for a new trial, a trial court must weigh the evidence and pass on the credibility of the witnesses. [Yet], the trial court assesses the weight and credibility in a more limited sense than would a jury; the court is to determine, in light of its broad discretion, whether a manifest injustice has occurred. The job of the appellate court is to review whether the trial court abused its discretion in making this determination. Absent some indication that the trial court was unreasonable, arbitrary or unconscionable in exercising its discretion, the judgment of the trial court will not be disturbed. (Internal quotations and citations omitted.)

*Marsico v. Skrzypek*, 9th Dist. Lorain No. 13CA010410, 2014-Ohio-5185, ¶ 55, citing *Schottenstein, Zox & Dunn Co., L.P.A. v. Reineke*, 9th Dist. Medina No. 10CA0138-M, 2011-Ohio-6201, ¶ 11. In contrast, Civ.R. 59(A)(5) allows for a new trial where there is an error in the amount of recovery when the action is for the detention of property.

{¶19} In this case, both Windward and Valley City presented expert testimony relating to the value of the converted property. Although Windward's expert estimated the value of the property at $82,500, Valley City's expert determined the fair market value of the property to be $10,470.38.

{¶20} "'In Ohio, it has long been held that the assessment of damages is so thoroughly within the province of the jury that a reviewing court is not at liberty to disturb the jury's assessment absent an affirmative finding of passion and prejudice *or* a finding that the award is manifestly excessive.'" (Emphasis sic.) *Price v. KNL Custom Homes, Inc.*, 9th Dist. Summit No. 26968, 2015-Ohio-436, ¶ 46, quoting *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 654 (1994). "[A] jury 'may separate the testimony as they wish according to what is credible to them.'" *Id.*, quoting *State v. Mastel*, 26 Ohio St.2d 170, 177 (1971). Additionally, "[a] jury is 'free to believe all, part, or none of the testimony of each witness.'" *Id.* quoting *State v. Jackson*, 86 Ohio App.3d 29, 33 (4th Dist.1993).

**{¶21}** Regarding expert witness testimony, the trial court instructed the jury in this case as follows:

> You had the testimony of two witnesses here that were considered to be expert witnesses that gave you testimony. Their testimony is admitted for whatever assistance it may provide to help you arrive at a just verdict. The determination about the quality of their testimony is to be made by you and you alone.

Additionally, the trial court gave the following instruction regarding possible damages on Windward's conversion claim:

> If you find by the greater weight of the evidence that [Windward] proved its claim, then you must further decide whether [Valley City]'s conduct caused [Windward] to suffer any damages and, if so, in what amount.

**{¶22}** Although the jury found Valley City had converted Windward's property, it is not clear how the jury arrived at the damages award of $0.00 since neither party requested jury interrogatories. *See* Civ.R. 49(B); *see also Segedy v. Cardiothoracic & Vascular Surgery of Akron, Inc.*, 182 Ohio App.3d 768, 2009-Ohio-2460, ¶ 25 (9th Dist.), quoting *Cincinnati Riverfront Coliseum Inc. v. McNulty Co.*, 28 Ohio St.3d 333, 336-337 (1986) ("'The essential purpose [of] * * * interrogatories is to test the correctness of a general verdict by eliciting from the jury its assessment of the determinative issues * * * in the context of evidence presented at trial.'"). Instead, the jury was given general verdict forms for all the claims submitted to the jury and both parties expressly declined to poll the jury after the verdicts were read. *See* Civ.R. 48 ("Upon request of either party, the jury shall be polled by asking each juror if the verdict is that of the juror; * * * if the verdict in substance is defective, the jurors must be sent out again for further deliberation."). "Inherent inconsistencies between different general verdicts rendered by a jury must be raised by a party before the jury is discharged. If not so raised, such arguments are thereafter waived." *Alliance Excavating, Inc. v. Triangle Real Estate Services, Inc.*, 10th Dist. Franklin No. 08AP-535, 2009-Ohio-2761, ¶ 10.

{¶23} Nonetheless, a review of the record shows that although the trial court did not instruct the jury as to set off, Windward anticipated during closing argument that the jury would consider set off of Windward's damages from any damages the jury might find it owed to Valley City for its claims against Windward. The parties did not dispute that the Windward still owed Valley City $10,470.38 on the promissory note. Valley City also presented evidence at trial suggesting that Windward's breach of the lease agreement caused them over $46,000.00 in damages. Although the jury awarded Valley City $10,470.00 on its claim for breach of the loan agreement, the jury only awarded Valley City $28,723.00 on its claim for breach of the lease.

{¶24} Therefore, based upon the foregoing, we cannot say that the trial court abused its discretion when it overruled Windward's motion for a new trial.

{¶25} Windward's first assignment of error is overruled.

### Assignment of Error II

**The court erred in refusing to apportion the court costs when [Windward] prevailed on three of the five counts submitted to the jury.**

{¶26} In its second assignment of error, Windward contends that the trial court erred in assessing all of the costs of this action to Windward since it prevailed on multiple causes of action. We disagree.

{¶27} Following the jury trial, the trial court issued a judgment entry assessing all costs to Windward. Windward thereafter filed a motion to vacate judgment pursuant to Civ.R. 60(B)(1), (3), and (5), within the period of appeal, asserting that: (1) the trial court had mistakenly assessed all costs to Windward since they were a prevailing party; and (2) Windward did not have the opportunity to approve the judgment entry prepared and submitted by the defendants to the trial court prior to the trial court issuing the entry. Valley City filed a memorandum in opposition arguing that Windward had failed to demonstrate the applicability of

any of the Civ.R. 60(B) grounds or set forth any operative facts which demonstrated a meritorious claim. The trial court denied Windward's motion.

{¶28} We review a trial court's ruling pursuant to Civ.R. 60(B) for an abuse of discretion. *J.P. v. T.H.*, 9th Dist. Lorain No. 14CA010715, 2016-Ohio-243, ¶ 22. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore*, 5 Ohio St.3d at 219.

{¶29} Civ.R. 60(B) provides, in pertinent part,

> On motion and upon such terms as are just, the court may relieve a party a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment. * * * [.]

To prevail on a Civ.R. 60(B) motion to vacate judgment, the movant must demonstrate: (1) a meritorious claim; (2) entitlement to relief under one of the Civ.R. 60(B) provisions; and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. All three requirements are independent and in the conjunctive, so each must be clearly established to be entitled to relief. *Id.* at 151. However, Civ.R. 60(B) may not be used as a substitute for appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus.

{¶30} In denying Windward's motion, the trial court did not expressly address Windward's Civ.R. 60(B) grounds. Instead, the trial court stated that the court had the authority pursuant to Civ.R. 54(D) to award costs to the prevailing party and in a case where each party has multiple causes of action submitted to the jury for consideration, the trial court "can make the determination of which party is the prevailing party by looking to which party prevailed on the substantial portion of the litigation." The trial court ultimately determined that "although

[Windward] prevailed on some causes of action, the Defendants were the overall prevailing party." Thus, it is not apparent from the language of the journal entry whether the trial court determined that Windward did not assert proper Civ.R. 60(B) grounds or whether it determined that Windward did not have a meritorious claim. We conclude, however, that remand for clarification is not necessary because neither determination would be an abuse of discretion.

{¶31} First, although the trial court did not specifically address Windward's Civ.R. 60(B) grounds, we note that Windward cited Civ.R. 60(B)(5) in its motion to vacate and on appeal, but failed to present any argument as to Civ.R. 60(B)(5) grounds for relief. Next, Windward attempts to rely on Civ.R.60(B)(1), however, the mistake Windward alleges occurred—that the trial court mistakenly assessed costs to Windward—does not present grounds for relief under Civ.R. 60(B)(1) because "'a factual or legal mistake on the part of the trial court is not the type of mistake contemplated by Civ.R. 60(B)(1).'" *Culgan v. Miller*, 9th Dist. Medina No. 10CA0074-M, 2011-Ohio-6194, ¶ 13, quoting *Hankinson v. Hankinson*, 7th Dist. Mahoning No. 03 MA 7, 2004-Ohio-2480, ¶ 20. Rather, "[a] mistake under Civ.R. 60(B)(1) contemplates a mistake by a party or his legal representative." *Doyle v. St. Clair*, 9th Dist. Lorain No. 16CA010967, 2017-Ohio-5477, ¶ 14, citing *Culgan* at ¶ 12.

{¶32} Windward also asserts the trial court should have vacated the judgment pursuant to Civ.R. 60(B)(3). Civ.R. 60(B)(3) provides relief on the grounds of "fraud (whether heretofore demonstrated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party[.]" "This Court [has] acknowledged that 'the fraud or misconduct referred to in Civ.R. 60(B)(3) is fraud or misconduct material to obtaining the judgment, not fraud or misconduct upon which a claim or defense is based.'" *CitiMortgage, Inc. v. Dudek*, 9th Dist. Summit No.

25806, 2012-Ohio-899, ¶ 13, quoting *Indymac Bank, F.S.B. v. Starcher*, 9th Dist. Summit No. 24194, 2008-Ohio-4079, ¶ 10.

{¶33} In support of its Civ.R. 60(B)(3) grounds, Windward asserts it did not have the opportunity approve the judgment entry prepared and submitted by the defendants to the trial court prior to the trial court issuing the entry. However, Windward did not develop an argument in its motion to vacate, nor does it on appeal, to suggest that such action on the part of opposing counsel constituted fraud, misrepresentation, or misconduct in this case. *See* App.R. 16(A)(7). Additionally, Windward points to no case law suggesting that a trial court only has authority to assess costs to a party if the judgment entry was first approved by the party that will be assessed those costs, nor does Windward explain how the preparation of a judgment entry and submission to the trial court for signature without the approval of the opposing party would constitute fraud, misrepresentation, or misconduct on the part of the adverse counsel in this case. Instead, Windward stated in its motion to vacate and in its merit brief that by citing Civ.R. 60(B)(3), it did not "mean to cast aspersions upon [Valley City] or [Valley City's] counsel" but "would respectfully submit that a better process would have been to submit th[e] [j]udgment [e]ntry for approval." Accordingly, we cannot say that the trial court abused its discretion when it determined it had the authority pursuant to Civ.R. 54(D) to award costs to the prevailing party and in a case where each party has multiple causes of action, determine which party is the prevailing party.

{¶34} Nonetheless, since the trial court did not specifically address Windward's Civ.R. 60(B) grounds, it is possible the trial court may have determined that Windward did not have a meritorious claim. Civ.R. 54(D) provides that "[e]xcept when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the

court otherwise directs." The Supreme Court of Ohio has held that the phrase "'unless the court otherwise directs' grants the court discretion to order that the prevailing party bear all or part of his or her own costs." *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 555 (1992). The Supreme Court further stated, however, that the phrase did not empower the court to award costs to a non-prevailing party. *Id.* A prevailing party is generally the party in whose favor the decision, verdict, or judgment are rendered. *Moga v. Crawford*, 9th Dist. Summit No. 23965, 2008-Ohio-2155, at ¶ 6. This includes:

> [t]he party to a suit who successfully prosecutes the action * * * , *prevailing on the main issue*, even though not necessarily to the extent of his original contention. *The one in whose favor the decision or verdict is rendered and judgment entered * * * may be the party prevailing in interest, and not necessarily the prevailing person.* To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who had made a claim against the other, has successfully maintained it.

(Internal quotations and citations omitted.) (Emphasis added.) *Id.* at ¶ 6.

{¶35} The jury in this case returned the following verdicts and the trial court entered judgment as follows: (1) in favor of Valley City and against Windward on Valley City's breach of loan agreement claim in the amount of $10,470.00; (2) in favor of Valley City and against Windward on Valley City's breach of lease claim in the amount of $28,723.00; (3) in favor of Windward and against Weber on Weber's Dram Shop Act claim; (4) in favor of Valley City on Windward's breach of lease claim; and (5) in favor of Windward on Windward's conversion claim in the amount of $0.00. Thus, although Windward prevailed on two of the five issues, it was not awarded any damages. On the other hand, Valley City was awarded $39,193.00 in damages for both of its causes of action.

{¶36} Windward asserts that, although it did not prevail on all of the causes of action in this case, it did prevail on two of the five causes of action: its own conversion claim and the

defense of Weber's Dram Shop counterclaim. Nonetheless, while Windward contends it must be considered a prevailing party in this case, it does not explain why either of these claims were the major issue, or one of, the major issues in this case nor does Windward explain why the trial court's determination that "[d]efendants were the overall prevailing party" was an abuse of discretion. *See Padrutt v. Village of Peninsula*, 9th Dist. Summit No. 24272, 2009-Ohio-843, ¶ 53-54 (concluding that appellants had not demonstrated that a trial court's assessment of costs against them after they lost on three of the four issues presented in the trial court below was an abuse of discretion where appellant did not explain why the issue it did prevail on was the major issue in the case); *see also* App.R. 16(A)(7).

{¶37} Based on the foregoing, we cannot conclude that the trial court abused its discretion when it denied Windward's motion to vacate. Windward's second assignment of error is overruled.

### Assignment of Error III

**The court erred in admitting into evidence a security agreement which was never signed by [Windward] in favor of [Valley City] nor assigned to it.**

{¶38} In its third assignment of error, Windward contends that the trial court erred in admitting a security agreement into evidence over objection.

{¶39} Windward's appellate counsel conceded during oral argument that Windward failed to object to the admission of the security agreement at issue. Despite this failure, Windward's appellate counsel argued for the first time at oral argument that that failure should not be dispositive in this case because it was "manifest in the record that they were objecting" to the admission of the security agreement. However, since Windward did not make this argument in its merit brief, we decline to address it. *See* App.R. 12(A)(2).

{¶40} Moreover, a review of the transcript shows that despite any prior discussion on the matter, Windward's trial counsel explicitly stated Windward had no objection to the admission of the security agreement as evidence. Specifically, when Valley City's trial counsel moved to admit the security agreement, the following exchange took place:

The [c]ourt: Then you want to move your exhibits into evidence?

[Valley City's trial counsel]: I would.

* * *

[Valley City's trial counsel]: Number 2, the Security Agreement.

[Windward's trial counsel]: No objection.

The [c]ourt: It's in.

"It is well settled that the failure to timely object to a possible error results in a forfeiture of the issue for purposes of appeal." *Skrzypek*, 2014-Ohio-5185 at ¶ 6. Although the plain error doctrine may be applied in civil matters "in the rarest of circumstances," *id.*, Windward did not raise a plain error argument in its merit brief and we decline to do so for it. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.").

{¶41} Windward's third assignment of error is overruled.

III.

{¶42} Windward's assignments of error are overruled. Therefore, the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

JULIE A. SCHAFER
FOR THE COURT

 

 

CALLAHAN, J.
CONCURS.

HENSAL, J.
CONCURRING IN JUDGMENT ONLY.

{¶43} Appellant Windward argued in its third assignment of error its objections to the admission of and use of, for any purpose, Appellees' Exhibit 2, the Security Agreement between Hat Creek and Windward. This argument began right after voir dire and continued during the arguments made by all counsel after the Defendants rested and before the court instructed the jury. Further, Appellant Windward continued to argue to the trial court and argued in its brief to this Court why this alleged error was highly prejudicial to Windward. The trial court fully

expressed its reasoning on the record regarding the use, publishing and admission of the document. It was in fact, "manifest in the record that [Appellants] were objecting" to the Exhibit. I would therefore, examine the merits of Appellant's third assigned error. I concur however, by finding that the trial court did not err by allowing it to be published to the jury and allowing testimony regarding same. As to the admission of the Exhibit into evidence, as the majority correctly states and Appellant acknowledged, the Appellant did not object to the admission of the document. Finally, I would address Windward's arguments that it was manifestly unjust to allow Valley City Development Corp. to keep Windward's property while still requiring Windward to pay the balance of the loan on that equipment.

APPEARANCES:

STEVE C. BAILEY, Attorney at Law, for Appellant.

ERIC MICHENER and KIMBERLY HALL, Attorneys at Law, for Appellees.