OPINION
{¶ 1} Defendant-appellant Andrea M. McDermott appeals from a decision of the Darke County Court of Common Pleas, Juvenile Division, adopting in part and modifying in part a decision of the magistrate which terminated a shared parenting plan in which she participated with plaintiff-appellee Jeffrey A. Francis regarding the care of their minor daughter M.F. Andrea also appeals the trial court's decision naming Jeffrey the primary custodial and *Page 2 
residential parent of M.F.
 {¶ 2} The judgment and entry adopting in part and modifying in part the decision of the magistrate was issued by the trial court on July 15, 2008. On July 29, 2008, Andrea filed a timely notice of appeal with this Court.
 I {¶ 3} Andrea gave birth to M.F. on July 22, 2002. After it was established that Jeffrey was M.F.'s father, the parties, who were never married, agreed to a final decree of shared parenting on April 14, 2004. The terms of the plan provided that both Andrea and Jeffrey were considered to be the residential parents and legal custodians of M.F. The plan further provided that each parent would have custody of M.F. approximately 50% of the time. To accommodate this arrangement, parenting time was scheduled on alternating weeks. Additionally, neither party was required to pay any child support. Andrea currently lives in Dayton, Ohio, while Jeffrey resides in Greenville, Ohio. The parents live approximately fifty miles apart.
 {¶ 4} It quickly became apparent, however, that the custody schedule would become unworkable once M.F. began school given the distance between the parents. On April 20, 2005, Andrea filed a motion to modify the shared parenting plan, or in the alternative, a motion to terminate the plan and make her the primary residential parent of M.F. On January 12, 2007, Jeffrey filed a motion in which he asked to be appointed the primary residential parent and legal custodian of M.F. in the event the trial court terminated the shared parenting plan. A hearing on said motions was held before the magistrate over the course of three days: May 24, 2007, May 25, 2007, and June 29, 2007.
 {¶ 5} On August 10, 2007, the magistrate issued his decision and permanent order in *Page 3 
which he recommended that the shared parenting order be terminated. The magistrate designated Jeffrey as the residential and custodial parent of M.F. and granted Andrea standard visitation pursuant to the Darke County of Common Pleas Standard Schedule for Parenting Time. Andrea was also ordered to pay Jeffrey child support in the amount of $442.00 per month. Andrea filed objections to the magistrate's decision with the trial court on August 24, 2007.
 {¶ 6} As stated previously, the trial court agreed with the conclusions of the magistrate, and sustained Andrea's motion to terminate the shared parenting plan. The trial court named Jeffrey the sole residential parent of M.F., but modified the visitation order by lowering Andrea's child support obligation to $331.50 per month.
 {¶ 7} It is from this judgment that Andrea now appeals.
 II {¶ 8} Andrea's first assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED BY USING AN ABUSE OF DISCRETION STANDARD OF REVIEW AND FAILING TO CONDUCT A DE NOVO REVIEW OF THE RECORD IN REVIEWING THE MAGISTRATE'S DECISION UPON APPELLANT'S TIMELY FILING OF OBJECTIONS TO THE MAGISTRATE'S DECISION."
 {¶ 10} In her first assignment, Andrea contends that the trial court erred when it improperly utilized the abuse of discretion standard when reviewing the magistrate's decision which terminated the shared parenting plan and made Jeffrey the sole residential parent. Andrea argues the trial court should have reviewed the magistrate's decision using a de novo standard of review. Thus, Andrea asserts that the trial court committed reversible error, and the case must *Page 4 
remanded for a proper review by the trial court under the appropriate legal standard.
 {¶ 11} With respect to appropriate standard to be employed by the trial court when reviewing a magistrate's decision, we stated the following in Quick v. Kwiatkowski, Montgomery App. No. 18620, 2001-Ohio-1498:
 {¶ 12} "Magistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court. Therefore, magistrates do not constitute a judicial tribunal independent of the court that appoints them. Instead, they are adjuncts of their appointing courts, which remain responsible to critically review and verify the work of the magistrates they appoint. * * * Civ. R. 53(E)(4)(b) contemplates a denovo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed. The trial court may not properly defer to the magistrate in the exercise of the trial court'sde novo review. The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function."
 {¶ 13} "The `abuse of discretion' standard that the trial court applied to review the decision of its magistrate is an appellate standard of review. It is applicable to the review performed by a superior court of the judgments and orders of inferior courts. Inherent in the abuse of discretion standard are presumptions of validity and correctness, which acknowledge the independence of the inferior courts by deferring to the particular discretion they exercise in rendering their decisions. Because its magistrate does not enjoy that independence, such presumptions are inappropriate to the trial court's review of a magistrate's decisions. Therefore, a trial court errs when it applies the abuse of discretion standard of review in ruling on Civ. R. 53(E)(3) *Page 5 
objections to the decision of the appointed magistrates * * *."
 {¶ 14} Thus, we held that "[t]he trial court errs when it employs an appellate standard of review in ruling on objections to the decisions of its own magistrate, because an appellate court is then prevented from conducting an appropriate review of the discretionary choice the trial court made when it adopted its magistrate's decision. Reversal and an order of remand for a proper review are then required." Quick, at 4.
 {¶ 15} In the instant case, the following language employed by the trial court in its decision clearly establishes that the court utilized the incorrect legal standard when it reviewed the magistrate's decision:
 {¶ 16} "The Court should `not' substitute it's [sic] judgment for that of the Magistrate unless his position is an abuse of discretion such that it was unreasonable, arbitrary, or unconscionable. Was it grossly violative of fact or logic that it evidences perversity of will, not the exercise of reason, but instead of passion or bias? Was it not the exercise of judgment, but defiance of judgment? The Court doesn't think any of these are applicable."
 {¶ 17} Because the trial court erred by using the appellate standard of review, we cannot conduct an appropriate review of the court's decision adopting in part and modifying in part the decision of the magistrate. Thus, this matter is reversed and remanded to the trial court so that the judge may conduct a de novo review of the magistrate's findings.
 {¶ 18} Andrea's first assignment of error is sustained.
 III {¶ 19} Andrea's second assignment of error is as follows: *Page 6 
 {¶ 20} "THE TRIAL COURT'S DECISION TO AWARD CUSTODY OF THE CHILD TO FATHER AND TO TERM INATE THE SHARED PARENTING PLAN BASED UPON THE MAGISTRATE'S DECISION WAS IN ERROR AND WAS AN ABUSE DISCRETION."
 {¶ 21} In light of our disposition with respect to Andrea's first assignment, we do not reach the merits of her second assignment of error.
 IV {¶ 22} Andrea's first assignment of error having been sustained, this matter is reversed and remanded for proceedings consistent with this opinion.
WOLFF, P.J. and FAIN, J., concur.
Copies mailed to:
Jeffrey L. Amick
Richard A. Boucher
Douglas A. Fannin
 Hon. Michael D. McClurg *Page 1