[Cite as *Carpenter v. Johnson*, 196 Ohio App.3d 106, Ohio2011-Ohio-4867.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

CARPENTER,                                    :

     Appellee,                           :          C.A. CASE NO.   24128

v.                                            :          T.C. NO.    09 CVI 2098

JOHNSON,                                      :          (Criminal appeal from
                                                        Municipal Court)

     Appellant.                          :

                                                            :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____23rd____ day of ____September____, 2011.

. . . . . . . . . .

K. Philip Callahan, for appellee.

John J. Scaccia, for appellant.

. . . . . . . . . .

FROELICH, J.

{¶ 1} Kenny Carpenter brought suit against Fred Johnson in the Miamisburg Municipal Court, Small Claims Division, seeking $2,500 for "[t]he unlawful conversion of Plaintiff's Remington Model 1100 Sporting Rifle equipped with a Cantalever Deer Barrel and Charles Daley Scope." Carpenter alleged that Johnson had taken the hunting rifle, at gunpoint, after Carpenter "unknowingly wandered" onto Johnson's property, which Carpenter claimed was unmarked and unfenced.   In response, Johnson asserted that Carpenter had repeatedly

trespassed on his land in order to hunt deer and that Carpenter had agreed to give Johnson the rifle in exchange for Johnson's not contacting the police.

**{¶ 2}** After a bench trial before a magistrate, the magistrate found that Carpenter had given the rifle to Johnson under duress and, therefore, Johnson was liable to Carpenter in the amount of $2,500, which was the amount Carpenter had sought in his complaint; Carpenter testified that the rifle's value was $3,000. The magistrate noted that Carpenter had not asked for replevin of the rifle, although Carpenter had testified that he "would rather have the gun than anything." The magistrate further noted that Johnson had not brought claims against Carpenter. The magistrate's decision was immediately adopted by the trial court.

**{¶ 3}** Johnson timely objected to the magistrate's decision and, alternatively, sought relief from that decision and a new trial under Civ.R. 60(B). Johnson claimed that Carpenter had committed fraud on the court by testifying to an excessively high value for the rifle. After a hearing on the Civ.R. 60(B) motion, the magistrate overruled that motion and denied Johnson's request for a new trial. The magistrate concluded: "The Court does not believe that Defendant, Fred Johnson, has established that any fraud was perpetrated upon the Court. Assuming arguendo that the Defendant was able to establish fraud, his motion for relief must still fail as he failed to present any evidence of a meritorious defense if relief was granted." No timely objections to the Civ.R. 60(B) decision were filed.[1]

---

[1] Johnson moved for relief from the trial court's judgment under Civ.R. 60(B), claiming that he did not receive notice of the magistrate's decision on his prior Civ.R. 60(B) motion until after the trial court had entered judgment against him. Johnson further requested leave to file objections to the magistrate's decision on the prior Civ.R. 60(B) motion. Those motions remained pending when Johnson filed his notice of appeal.

**{¶ 4}** The trial court subsequently overruled Johnson's objections to the magistrate's decision regarding the merits of Carpenter's claim and adopted both of the magistrate's decisions. The trial court's judgment was stayed pending appeal.

**{¶ 5}** Johnson appeals from the trial court's judgment. His sole assignment of error states:

**{¶ 6}** "The trial court committed prejudicial error by not ordering a new hearing on damages or a new trial, or at least a factual hearing on appellant's * * * Civ.R. 60(b) motion when it was apprised that appellee substantially misrepresented the value of the property and testified that the property was no longer in production."

**{¶ 7}** Johnson's appeal centers around the trial court's refusal to allow additional evidence regarding the value of Carpenter's rifle. Johnson did not appeal from the trial court's findings that Carpenter had given his rifle to Johnson while under duress and, therefore, that Johnson was liable to Carpenter for the value of the gun.

**{¶ 8}** At the outset, we emphasize that the bench trial was held before a magistrate, not the trial court. Although magistrates "truly do the 'heavy lifting,'" *Quick v. Kwiatkowski* (Aug. 3, 2001), Montgomery App. No. 18620, "[m]agistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court. Therefore, magistrates do not constitute a judicial tribunal independent of the court that appoints them. Instead, they are adjuncts of their appointing courts, which remain responsible to critically review and verify the work of the magistrates they appoint. * * * The magistrate is a subordinate officer of the trial court, not an

independent officer performing a separate function." *Francis v. McDermott*, Darke App. No 1744, 2008-Ohio-6723, ¶ 12, citing *Quick*.

**{¶ 9}** Until a trial court adopts the magistrate's decision and enters judgment, the magistrate's decision is merely an interlocutory recommendation and is not a final, appealable order. See Civ.R. 53(D)(4)(a) (a "magistrate's decision is not effective unless adopted by the court"); *Crane v. Teague*, Montgomery App. No. 20684, 2005-Ohio-5782. A trial court may enter judgment during the period for filing objections, but when timely objections are filed, the objections "operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Civ.R. 53(B)(4)(e)(i). Until the trial court rules on those objections, there is no final, appealable order. See, e.g., *In re F.D.M.*, Montgomery App. No. 23021, 2009-Ohio-5609 (addressing Juv.R. 40, which is similar to Civ.R. 53, and R.C. 2505.02); *In re C.B.*, Montgomery App. No. 23615, 2010-Ohio-2129, ¶ 26; *Miller v. Miller*, Wayne App. No. 09CA25, 2010-Ohio-1251, ¶ 9.

**{¶ 10}** Civ.R. 60(B) permits a party to move for relief from a final judgment. Because Johnson filed timely objections to the magistrate's decision simultaneously with his Civ.R. 60(B) motion, the trial court's prior adoption of the magistrate's decision was stayed, and there was no final judgment in the case until the trial court later ruled on Johnson's objections and entered judgment. As a result, at the time that the magistrate and the trial court addressed Johnson's Civ.R. 60(B) motion, Civ.R. 60(B) was not applicable.

**{¶ 11}** Even if Civ.R. 60(B) were applicable, we would conclude that the trial

court did not err in failing to order a new hearing based on Carpenter's alleged misrepresentation of the rifle's value. To prevail on a motion for relief from judgment, the movant must show that (1) he has a meritorious defense or claim to present if relief were granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) his motion is timely. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus. Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect," (2) newly discovered evidence, (3) fraud, misrepresentation or other misconduct of an adverse party, (4) the judgment has been satisfied, released or discharged, or (5) any other reason justifying relief from the judgment.

**{¶ 12}** Johnson sought relief due to fraud on the court, which is addressed under Civ.R. 60(B)(5). [2] See *In re A.K.*, Champaign App. No. 2011 CA 4, 2011-Ohio-4536, ¶ 7 (fraud on the court is addressed under Civ.R. 60(B)(5), whereas fraud between the parties falls under Civ.R. 60(B)(3)). " 'Fraud upon the court' is an elusive concept. * * * One commentator, however, had provided this definition: ' "Fraud upon the court" should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.' "

---

[2] At oral argument, Johnson's counsel acknowledged that he was not proceeding under Civ.R. 60(B)(2) based on newly discovered evidence.

*Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 15, quoting 7 Moore, Federal Practice (2d Ed.1971) 515, Paragraph 60.33.

**{¶ 13}** At oral argument, Johnson's counsel stated that he was proceeding under Civ.R. 60(B)(3), which addresses fraud by an adverse party. "A Civ.R. 60(B)(3) motion for relief from judgment based on fraud, misrepresentation, or other misconduct by an adverse party ought to be granted where the court is reasonably well satisfied that the testimony by a material witness is false; that, without it, the trier of fact might have reached a different conclusion; and that the party seeking relief was taken by surprise when false testimony was given and was unable to meet it or did not know of its falsity until after trial." *Goldshot v. Goldshot* (Apr. 26, 2002), Montgomery App. No. 19000, 2002 WL 857689.

**{¶ 14}** When considered under Civ.R. 60(B)(3) or (5), we agree with the magistrate that Carpenter's testimony regarding the value of his rifle did not constitute fraud. "In general, the measure of damages is the value of the converted property at the time it was converted. Just compensation is the fair market value, or the price at which a willing seller and a willing buyer would settle in a voluntary sale." (Citations omitted.) *Thompson v. Allen*, Montgomery App. No. 23292, 2010-Ohio-1133, ¶ 18. It is well established that the owner of personal property is competent to testify as to the market value of his or her property. *Kelly v. Kelly*, 163 Ohio App.3d 260, 2005-Ohio-4740, ¶ 32, citing *Valigore v. Cuyahoga Cty. Bd. of Revision,* 105 Ohio St.3d 302, 2005-Ohio-1733.

**{¶ 15}** Carpenter's complaint requested $2,500 for Johnson's conversion of the rifle, and Carpenter testified at trial that the rifle's value was $3,000. If Johnson

believed that the value Carpenter attributed to his rifle was inflated, Johnson could have questioned Carpenter about the bases for his valuation, and Johnson had the opportunity at trial to submit evidence to demonstrate that the fair market value was in fact lower. Moreover, other than noting that he was not represented by counsel during the bench trial, Johnson has not offered any explanation why he did not present any evidence at trial regarding the value of Carpenter's rifle.[3]

{¶ 16} In his Civ.R. 60(B) motion, Johnson asserted that the trial court could take judicial notice of the fair market value of the gun. We disagree. The value of Carpenter's gun was not a matter that would be generally known in the court's territorial jurisdiction, nor was it "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). To the contrary, a person generally must be qualified as an expert in order to testify as to the value of property. *Thompson* at ¶ 19, citing *Tokles & Son v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 625-626; *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 347. An exception exists for owners of personal property, because the owner, "aided by experience, has some particular means of forming an intelligent and correct judgment as to the value of the property in question beyond that which is possessed by people generally." *Squires v. Luckey*

---

[3] Upon reviewing the magistrate's decision, the trial court may hear the previously referred matter, take additional evidence, or return the matter to the magistrate. Civ.R. 53(D)(4)(b). When ruling on objections, the trial court may hear additional evidence, but it may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate. Civ.R. 53(D)(4)(d). Even if we were to construe Johnson's Civ.R. 60(B) motion as a request for the trial court to consider additional evidence under Civ.R. 53, he has not shown that he could not, with reasonable diligence, have produced the evidence regarding the rifle's value at trial. We would thus find no error in the trial court's refusal to consider such additional evidence.

*Farmers Inc.,* Ottawa App. No. OT-03-046, 2004-Ohio-4919.

{¶ 17} In short, the trial court did not err in denying Johnson a new trial on the issue of Carpenter's damages. Johnson's assignment of error is overruled.

Judgment affirmed.

. . . . . . . . . .

GRADY, P.J., and FAIN, J., concur.