[Cite as *Ogdahl v. Baumgartner*, 2018-Ohio-4539.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Ryan Ogdahl and Alison Ogdahl

    Appellants

v.

John J. Baumgartner

    Appellee

Court of Appeals No. WD-18-001

Trial Court No. CVI 1701244

**DECISION AND JUDGMENT**

Decided: November 9, 2018

* * * * *

Rahn M. Huffstutler, for appellants.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellants, Ryan and Alison Ogdahl, appeal from the judgment of the Perrysburg Municipal Court, which found in favor of appellee, John Baumgartner, on appellants' claim for return of their earnest money payment in a contract for the sale of real property. Because the trial court's judgment is not a final appealable order, we sua sponte dismiss this appeal.

## I. Facts and Procedural Background

{¶ 2} On September 25, 2017, appellants filed their complaint against appellee in the Perrysburg Municipal Court, Small Claims Division. The case was heard on October 10, 2017. On December 6, 2017, the magistrate entered his decision, finding against appellants.

{¶ 3} Specifically, the magistrate found that appellants entered into a contract with appellee to purchase real property. As part of the contract, appellants paid $2,000 in earnest money to appellee. Ultimately, appellants did not close on the purchase within the six-month time limit set forth in the agreement. Appellants then requested the return of their earnest money deposit, and appellee refused. The magistrate found that the contract did not contemplate a return of the earnest money if appellants failed to close on the purchase. Furthermore, the magistrate found that appellants' failure to close was inexcusable under the terms of the contract. Therefore, the magistrate found that appellants forfeited the earnest money deposit, and recommended that the complaint be dismissed with prejudice.

{¶ 4} Several hours later, on December 6, 2017, the trial court entered its judgment adopting the magistrate's decision and dismissing the matter with prejudice.

{¶ 5} On December 18, 2017, appellants timely filed objections to the magistrate's decision. Prior to the court ruling on the objections, however, appellant filed his notice of appeal from the trial court's December 6, 2017 judgment adopting the magistrate's decision.

2.

## II. Analysis

{¶ 6} Pursuant to Civ.R. 53(D)(4)(a), "[a] magistrate's decision is not effective unless adopted by the court." Civ.R. 53(D)(4)(e)(i) provides,

> The court may enter a judgment either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired. If the court enters a judgment during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.

"Until the trial court rules on those objections, there is no final appealable order." *Carpenter v. Johnson*, 196 Ohio App.3d 106, 2011-Ohio-4867, 962 N.E.2d 377, ¶ 9 (2d Dist.).

{¶ 7} Here, because appellants objected to the magistrate's decision within the 14-day time limit, the trial court's December 6, 2017 judgment entry is not a final appealable order, as the trial court must first rule on appellants' objections. "[I]f an order is not final, then an appellate court has no jurisdiction." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10.

3.

### III.  Conclusion

{¶ 8} Accordingly, because we lack jurisdiction, we sua sponte dismiss the appeal and remand the matter to the trial court to rule on appellants' objections to the magistrate's decision.  Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____

                                               JUDGE

Arlene Singer, J. _____

Christine E. Mayle, P.J.       _____

CONCUR.                                            JUDGE

_____

                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.