[Cite as *Carpenter v. Lemley*, 2020-Ohio-5529.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SHAWNTEE CARPENTER | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Craig R. Baldwin, J. |
|     Plaintiff-Appellee | Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 20CA000006 |
| JOSHUA J. LEMLEY | |
|     Defendant-Appellant | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Knox County Court of Common Pleas, Case No. 19ST06-0189 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 2, 2020 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| | JOSHUA J. LEMLEY<br>7171 Billman Road<br>Gambier, Ohio 43022 |

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Joshua J. Lemley appeals the judgment entered by the Knox County Common Pleas Court granting Plaintiff-appellee Shawntee Carpenter's petition for a civil protection stalking order ("CPO") against him.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 18, 209, Appellee filed a petition for a CPO. The court granted the order ex parte pursuant to R.C. 2903.214. The case proceeded to a full hearing on July 26, 2019, before a magistrate. The magistrate found the evidence showed a pattern of behavior by Appellant which caused Appellee to believe Appellant would cause her physical harm or mental distress. The magistrate specifically found Appellee's testimony to be credible, and Appellant's testimony to not be credible. The magistrate's decision issued the protection order through July 26, 2024.

**{¶3}** Appellant filed objections to the magistrate's decision on August 8, 2019. He also filed a motion to hold Appellee in contempt of court for lying at the hearing, and he filed a motion to vacate the judgment pursuant to Civ. R. 60(B). The trial court overruled Appellant's objections, and denied his motions for contempt and relief from judgment. The trial court adopted the magistrate's decision.

**{¶4}** It is from the January 16, 2020 judgment of the Knox County Common Pleas Court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRORED BY NOT NOTIFYING THE APPELLANT JOSHUA J. LEMLEY OF THE EX PARTE HEARING THAT TOOK PLACE ON JUNE 18TH, 2019.

II.  THE TRIAL COURT ERRORED BY NOT ADDRESSING I THE APPELLANT JOSHUA J. LEMLEYS [SIC] TWO MINOR CHILDREN KL, LL AND MY PARENTAL RIGHTS AS A FATHER WHO HAD ESTABLISHED PATERNITY AT BIRTH FOR BOTH CHILDREN ALONG WITH THE MOTHER AT BIRTH AND NEITHER I THE APPELLANT NOR THE APPELLEE SHAWNTEE CARPENTER EVER RESCINDED EITHER BIRTH AFTER SIXTY DAYS.

III. THE TRIAL COURT ERRORED BY NOT ADDRESSING THE ISSUE OF "PROPERTY" AT THE EX PARTE HEARING THAT TOOK PLACE ON JUNE 18TH, 2019.

IV. THE TRIAL COURT ERRORED BY NOT FILING THE MOTION TO VACATE THE PREMISES/MOTION FOR EXCLUSIVE USE.

V.  THE TRIAL COURT ERRORED BY NOT ADDRESSING LOCAL RULES 11.1 GENERAL APPLICATION AND LOCAL RULE 11.2 COMPLIANCE WHICH STATES, "NO ACTION SHALL PROCEED TO FINAL HEARING UNTIL THERE HAS BEEN COMPLIANCE WITH THIS RULE UNLESS THE PARTIES RECEIVE LEAVE OF COURT, OR IN SITUATIONS WHERE THE NONCOMPLYING PARENT HAS ENTERED NO APPEARANCE AND DOES NOT CONTEST THE ACTION."

VI. THE TRIAL COURT ERRORED BY NOT HOLDING A HEARING FOR TWO MOTIONS THAT I FILED IN A TIMELY FASHION, MOTION FOR CONTEMPT IN THE PRESENCE OF A MAGISTRATE AND MOTION RULE 60(B) MOTION FOR RELIEF FROM JUDGEMENT OR ORDER.

I.

**{¶5}** In his first assignment of error, Appellant argues the court erred in failing to notify him of the ex parte hearing on the CPO, held June 18, 2019.

**{¶6}** R.C. 2903.214(D)(1) provides:

(D)(1) If a person who files a petition pursuant to this section requests an ex parte order, the court shall hold an ex parte hearing as soon as possible after the petition is filed, but not later than the next day that the court is in session after the petition is filed. The court, for good cause shown at the ex parte hearing, may enter any temporary orders, with or without bond, that the court finds necessary for the safety and protection of the person to be protected by the order. Immediate and present danger to the person to be protected by the protection order constitutes good cause for purposes of this section. Immediate and present danger includes, but is not limited to, situations in which the respondent has threatened the person to be protected by the protection order with bodily harm or in which the respondent previously has been convicted of or pleaded guilty to a violation of section 2903.211 of the Revised Code or a sexually oriented offense against the person to be protected by the protection order.

**{¶7}** Black's Law Dictionary defines ex parte as follows:

On one side only; by or for one party; done for, in behalf of, or on the application of, one party only. A judicial proceeding, order, injunction, etc., is said to be ex parte when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested.

**{¶8}** Thus, by its nature, an ex parte hearing was held in the absence of Appellant, and without notice to Appellant.  Appellant appeared and presented evidence at the full hearing, which followed the issuance of the temporary ex parte order.

**{¶9}** The first assignment of error is overruled.

II, III, IV.

**{¶10}** In his second, third, and fourth assignments of error, Appellant argues the court erred in failing to address issues of paternity, visitation, and property between the parties.

**{¶11}** Appellant did not raise these issues in his objections to the magistrate's order.  Pursuant to Civ. R. 53(D)(3)(b)(iv), we find Appellant has waived any error. Further, these issues were not germane to the instant action, which was a petition for a civil protection order, and not an action concerning division of property or parenting of the minor children.

**{¶12}** The second, third, and fourth assignments of error are overruled.

V.

**{¶13}** Appellant argues the court erred in failing to follow Local Rules of the Domestic Relations Court 11.1 and 11.2.  These rules expressly apply to parents of minor

children involved in divorce, dissolution, or legal separation actions.  Because the instant action was an action for a civil protection order and not one for divorce, dissolution, or legal separation, we find Local Rules 11.1 and 11.2 did not apply.

**{¶14}** The fifth assignment of error is overruled.

VI.

**{¶15}** In his final assignment of error, Appellant argues the court erred in overruling his motions for direct contempt and for relief from judgment without a hearing.

**{¶16}** Appellant filed a motion to hold Appellee in direct contempt of court for giving untruthful testimony in the hearing before the magistrate.  The trial court overruled the motion.

**{¶17}** A private party may not file an independent contempt action seeking sanctions for suborning perjury.  *Anderson v. Smith*, 10th Dist. Franklin No. 11AP-160, 196 Ohio App.3d 540, 2011-Ohio-5619, 964 N.E.2d 468, ¶13.  We find the trial court did not err in overruling Appellant's motion on this basis, without holding a hearing.

**{¶18}** Further, the magistrate specifically found Appellee's testimony to be credible, and Appellant's testimony to not be credible.  In overruling Appellant's motion for contempt, the trial court noted Appellant believed Appellee lied about three specific things:  establishment of paternity for the minor children, the name of the party on the lease for the property where Appellee resided, and Appellee's representation Appellant violated the ex parte protection order when he returned to the parties' apartment to retrieve his personal belongings.  The trial court found even if Appellant could demonstrate Appellee provided false testimony on these issues, the pertinent factual findings concerning Appellant's pattern of behavior toward Appellee which caused her to

believe Appellant would physically harm her or cause her mental distress would remain unchanged, and thus the CPO would still issue. We find no error in the trial court's determination.

{¶19} Appellant further argues the trial court erred in overruling his Civ. R. 60(B) motion for relief from judgment without holding a hearing. Appellant filed his motion before the trial court had entered final judgment. Appellant filed objections to the magistrate's decision, which were pending at the time he filed his Civ. R. 60(B) motion. When a party files timely objections, Civ. R. 60(B) is not applicable until after the trial court rules on the timely filed objections and enters final judgment. *Carpenter v. Johnson,* 2nd Dist. Montgomery No. 24128, 196 Ohio App.3d 106, 2011-Ohio-4867, 962 N.E.2d 377, ¶10. We find the trial court did not err in dismissing Appellant's motion on the basis it was prematurely filed.

{¶20} The sixth assignment of error is overruled.

{¶21} The judgment of the Knox County Common Pleas Court is affirmed.


By: Hoffman, P.J.
Baldwin, J. and
Wise, Earle, J. concur