[Cite as *Danford Health Care, Inc. v. Wilson*, 2021-Ohio-1737.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

DANFORD HEALTH CARE, INC.                :
                                     :
   Plaintiff-Appellant           :   Appellate Case No. 28943
                                     :
v.                                       :   Trial Court Case No. 2019-CVF-1161
                                     :
TAMILA S. WILSON, et al.                 :   (Civil Appeal from
                                     :   Municipal Court)
   Defendants-Appellees          :
                                     :

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of May, 2021.

. . . . . . . . . . .

RONALD J. KOZAR, Atty. Reg. No. 0041903, 40 North Main Street, Suite 2830, Dayton, Ohio 45423
   Attorney for Plaintiff-Appellant

TAMILA S. & DEWAINE WILSON, 8154 South Union Road, Miamisburg, Ohio 45342
   Defendants-Appellees, Pro Se

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Danford Health Care, Inc. ("Danford"), appeals from a judgment of the Miamisburg Municipal Court, which terminated the garnishment of Tamila Wilson's personal earnings, released $2,586.33 in garnished wages to Danford, and ordered that the default judgment entered against Tamila Wilson and her husband, Dewaine Wilson, be deemed satisfied and paid in full. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

## I. Procedural History

{¶ 2} The record reflects that Tamila Wilson ("Wilson") sustained injuries in an automobile collision, and she sought chiropractic treatment from Danford, dba The Pain and Injury Center, for approximately eight months. Wilson hired a law firm to handle the personal injury claim, but for reasons not clear in the record, the Danford invoice was not paid as part of the settlement.

{¶ 3} On July 16, 2019, Danford filed a three-count complaint against the Wilsons based on Wilson's alleged receipt of chiropractic services between March 8, 2017 and October 19, 2017, totaling $5,546, for which it had not been paid. A financial responsibility agreement, signed by Wilson, and a redacted itemized bill were attached to the complaint. Danford sought judgment in the amount of $5,546, plus interest from October 19, 2017, and court costs.

{¶ 4} The Wilsons were served with the complaint and summons on July 23, 2019. They did not file an answer or otherwise respond to the complaint.

{¶ 5} On September 9, 2019, Danford moved for a default judgment, pursuant to Civ.R. 55, with a supporting affidavit from Reynaldo Echavaria, an accounts receivable

representative for Danford.

{¶ 6} The magistrate held a hearing on Danford's motion on November 26, 2019. Wilson appeared without counsel. Attorney Steve Katchman appeared on behalf of Danford's counsel of record. None of the participants was placed under oath. The magistrate initially spoke with Wilson, stating:

> THE COURT: [Neither you nor your husband] had filed a response to the complaint that was filed in this particular case. And it was a complaint that was filed in July and the allegation was that there were some medical bills that were incurred that are owed. So in the absence of a response from you and/or your husband, the attorney for Danford Health Care files for what's called a default judgment. And initially I set this for a couple of different reasons but you're here so is there anything that you'd like to say relating to contesting the bills? Do you want to enter into an arrangement with Mr. Katchman or –
>
> MS. WILSON: I would like to enter an arrangement with Mr. Katchman.

(Nov. 26, 2019 Tr. at 2-3).

{¶ 7} The magistrate and Katchman then had an extensive discussion about the court's general approach to prejudgment interest. At one point, Wilson commented, "I'm totally lost –." At the conclusion of the discussion, the court told Wilson that it was "going to grant them judgment against you, okay? So, and against both you and your husband and it's going to be for $5,546 plus statutory interest." Wilson responded, "Oh, my." The court indicated that Katchman could, but did not have to, talk to her about settling the matter and making payments. However, the court encouraged Wilson to talk with

Katchman about settling the case.   Wilson told the court:

> Well, I'm not very good at explaining myself but when this all started after I
> had my accident I didn't even, I mean, I didn't receive no phone call, no bills
> from this, and it got drug out so long from the insurance, the other party's
> insurance, I just was overwhelmed with it and got an attorney and somehow
> it just got, I don't know how to explain it, it just got lost in the shuffle.   I don't
> understand.

(Nov. 26, 2019 Tr. at 7-8.)   The magistrate stated that this was another reason why the court does not grant prejudgment interest.   The magistrate crossed off prejudgment interest from Danford's proposed judgment entry and said the entry would be filed.

{¶ 8} A written default judgment entry was filed the same day, awarding Danford judgment in the amount of $5,546, with five percent statutory interest, plus court costs. The magistrate signed on the signature line for "judge."   There was no indication that this was a magistrate's decision, and the entry did not include the notification requirements of Civ.R. 53(D)(a)(iii).   No party filed objections to the magistrate's decision, and the trial court neither adopted the magistrate's decision nor expressly entered a default judgment against the Wilsons.

{¶ 9} On February 27, 2020, the magistrate filed an order to garnish Wilson's personal wages.   The order did not cite the verbiage required by Civ.R. 53(D)(3)(a)(iii). No objections were filed, and the trial court did not enter its own judgment.

{¶ 10} A month later, Wilson requested a hearing to dispute the garnishment of her wages.   She stated that she was advised by her personal injury attorney not to pay the debt, because Danford allegedly had filed for bankruptcy and engaged in insurance fraud.

Wilson asserted that the charges for her chiropractic services were "outrageous" and that Danford had refused and returned two different payments.

{¶ 11} The trial court held a hearing on Wilson's motion on May 13, 2020. Wilson appeared with her daughter. Attorney Josh Liles appeared on behalf of counsel of record for Danford. The court did not place any of the participants under oath.

{¶ 12} The court began by asking Wilson what defense she had to the garnishment. Wilson responded that her attorney for her personal injury case told her that he was unable to find anyone to discuss settling the bill. She told the court that she had never received a bill or any kind of paperwork.

{¶ 13} The court asked Attorney Liles about the judgment in this case. Counsel replied that a default judgment in the amount of $5,546 had been entered on November 26, 2019. When Wilson confirmed that she "found out about it" then, the trial court asked her why she did not previously raise defenses. Wilson told the court, "All I did was talk to somebody from this and he gave me a phone number to Ms. Prescott [counsel of record]. He told me to negotiate with her. Well, I tried, I did that. I got nowhere, no negotiation whatsoever. And it was going to be her way or no way. So with that, I started paying them –."

{¶ 14} The court then questioned Liles about the amounts due to Danford. Liles indicated that he had an affidavit from Prescott, which said that the parties had reached an agreement for Wilson to pay $200 biweekly. When Wilson disputed that they had a payment agreement, Liles confirmed that there was no written agreement. Wilson also told the court that she had sent three payments – one was cashed ($100), but two others ($60 and $100) were returned to her. The court expressed confusion why Danford would

return any of her payments.

{¶ 15} When the court again asked Wilson if she had a defense to raise, Wilson acknowledged that she received services from Danford and owed them money, but she claimed the charges were "ridiculous." Wilson described the services she received. The court told Wilson that she should have disputed the amount she owed at the November 26, 2019 hearing. Wilson replied that she "didn't get that chance." She explained that the magistrate told her to settle it.

{¶ 16} The court expressed additional confusion as to why the magistrate granted a default judgment when Wilson had appeared at the hearing. The court asked Liles if there was any possibility of the parties resolving the case or if it was hopeless. Liles responded that "it's probably hopeless." The court then told Liles:

> * * * my proclivity here is to just vacate the default judgment and set it for trial sometime in July. If you want to appeal that order, I can write it up so you could if you wanted to. But I just don't see how we could have defaulted when she's present. She may have lost the trial but it wouldn't be a default. It would actually be a trial. Why don't you, I can write that up right now and get it to you within the week and set it for some trial in July in front of me.

(May 13, 2020 Tr. at 15.)

{¶ 17} Liles asked the court to review the recording of the November 26 hearing. The court agreed that it would do so before rendering a decision. The court commented, "Maybe it will be informative because I have nothing now. It just doesn't make any sense to me how we got to this because maybe I would have issued a judgment then but I doubt

it would have been for 5,546. That seems like a huge amount of money but maybe I'm wrong." (May 13, 2020 Tr. at 17.) Liles also asked the court if it would release the garnished funds to Danford. The court said, "I don't want to. I don't want to do that right now because I think it will be contrary to my ultimate goal of trying to come to some resolution here." (May 13, 2020 Tr. at 20.)

{¶ 18} Wilson's motion remained pending for an additional four months. Wilson's wages continued to be garnished through July 2020. The garnishments then stopped due to insufficient funds.

{¶ 19} On September 18, 2020, the trial court filed a judgment entry, which terminated the magistrate's garnishment order and ordered that (1) $2,586.33 (the amount garnished minus a standard two percent fee deduction) be released to Danford, and (2) the "Default Judgment Entry dated November 26, 2019, shall be deemed SATISFIED and PAID IN FULL." (Capitalization sic.)

{¶ 20} Danford appeals from the trial court's September 18, 2020 judgment, claiming that the trial court erred by "refusing to allow Danford a default judgment for $5,546 with prejudgment interest." The Wilsons did not file a responsive appellate brief.

## II. Review of September 18, 2020 Judgment

{¶ 21} At the outset, we highlight that both the default judgment and the garnishment order were issued by the magistrate alone. Although magistrates "truly do the 'heavy lifting,' " *Quick v. Kwiatkowski*, 2d Dist. Montgomery No. 18620, 2001 WL 871406, *4 (Aug. 3, 2001), "[m]agistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court." *Francis v. McDermott*, 2d Dist. Darke No. 1744,

2008-Ohio-6723, ¶ 12, citing *Quick*. "Until a trial court adopts the magistrate's decision and enters judgment, the magistrate's decision is merely an interlocutory recommendation and is not a final, appealable order." *Carpenter v. Johnson*, 196 Ohio App.3d 106, 2011-Ohio-4867, 962 N.E.2d 377, ¶ 9 (2d Dist.), citing Civ.R. 53(D)(4)(a) ("A magistrate's decision is not effective unless adopted by the court.") and *Crane v. Teague*, 2d Dist. Montgomery No. 20684, 2005-Ohio-5782.

{¶ 22} As Danford acknowledges in its appellate brief, this case does not have a lengthy procedural history. Danford characterizes the state of the record, stating:

> The September 18, 2020 ruling was the first ruling below from a judge and, therefore, the first ruling that could constitute a final judgment. Therefore, that judgment was, in effect and in legal fact, a ruling that granted Danford's longstanding motion for default judgment, but only in the amount of $2,586.33 – a ruling, in other words, that reduced Danford's claim by more than half for no stated reason and for no reason that is otherwise evidence from the record.

We find that this is a reasonable construction of the trial court's September 18, 2020 judgment. In the absence of a responsive brief from the Wilsons, we will accept Danford's rendition for purposes of analysis in this case.

{¶ 23} Danford thus presents two issues for appeal: (1) whether the trial court erred in granting a default judgment for less than the amount claimed, and (2) whether the trial court erred in failing to grant prejudgment interest. Danford asks us to enter judgment in its favor for $5,546 with prejudgment interest from October 19, 2017.

**A. Entry of Default Judgment**

{¶ 24} Default judgments are governed by Civ.R. 55, which provides in part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.]"   Civ.R. 55(A).   "Civ.R. 55 generally authorizes the entry of a default judgment based on the fact that the defending party has failed to plead or otherwise defend against the claims."   *Brookville Ents., Inc. v. Seibel*, 2d Dist. Montgomery No. 28561, 2020-Ohio-948, ¶ 23; *see Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (1986). "The purpose of Civ.R. 55(A) is to prevent a defendant from employing inaction or delay as a litigation strategy in order to avoid or defeat a plaintiff's claim for relief."   *Gary R. Gorby & Assocs. v. McCarty*, 2d Dist. Clark No. 2010-CA-71, 2011-Ohio-1983, ¶ 33, quoting *Med-Care Convalescent Supply, Inc. v. Grafton Assocs.*, 2d Dist. Montgomery Nos. 14587, 14648, *3 (Mar. 31, 1995).

{¶ 25} Civ.R. 55(A) also addresses situations where factual questions make the right to a default judgment unclear.   *Seibel* at ¶ 34.   That Rule provides, in part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶ 26} We review a trial court's decision to grant a default judgment for abuse of discretion.   *Natl. Collegiate Student Loan Tr. 2007-2 v. Tigner*, 2d Dist. Montgomery No.

27841, 2018-Ohio-4442, ¶ 9. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 27} In this case, the Wilsons were served with Danford's complaint and summons, yet failed to file an answer or otherwise respond. There is no indication in the record that the Wilsons appeared in the action prior to Wilson's attendance at the November 26, 2019 hearing on Danford's motion for default judgment. Dewaine Wilson did not attend either hearing (November 26, 2019 or May 13, 2020) and did not otherwise appear in the action. The Wilsons bore the burden to raise, by answer or motion, any deficiencies in Danford's claims. *See Seibel* at ¶ 24.

{¶ 28} Danford's motion for default judgment was supported by an affidavit by Reynaldo Echavaria, an accounts receivable representative, who stated that he was familiar with the Danford's business records. Echavaria indicated that Danford's claim was based on chiropractic services performed for Wilson at her request from March 4, 2017 through October 19, 2017, pursuant to a financial responsibility agreement that she had executed. Echavaria authenticated a copy of the account statement for the services that Wilson received (redacted for HIPAA compliance purposes) and stated that $5,546 plus prejudgment interest and court costs remained due and owing.

{¶ 29} The magistrate held a hearing on the motion for default judgment on November 26, 2019. Most of the hearing was directed to Danford's request for prejudgment interest, which the magistrate denied. No evidence was presented related to Danford's claims. Wilson did not provide any explanation for her failure to respond to the complaint. At the May 13, 2020 hearing, Wilson expressed her disagreement with

cost of the services, her belief that her attorney in the car accident case would handle the bill, and that she had made payments that were returned. None of those explanations, however, excused the Wilsons' failure to respond to the complaint.

{¶ 30} With the record before us, the trial court reasonably could have entered a default judgment in favor of Danford in the amount of $5,546 for services rendered. However, there was no evidence before the trial court from which it reasonably could conclude that Danford was entitled to only $2,586.33, the amount awarded to Danford in the September 18, 2020 judgment. Construing the September 18, 2020 judgment as an entry of default judgment in favor of Danford in the amount of $2,586.33, that judgment was an abuse of discretion and must be reversed.

### B. Prejudgment Interest

{¶ 31} Danford also claims that it was entitled to prejudgment interest. Given the procedural posture of this case and the requirements of Civ.R. 53, we do not find it appropriate to reach this issue.

{¶ 32} The Ohio Rules of Civil Procedure require a magistrate's decision to be in writing, signed by the magistrate, filed with the clerk, and served on the parties or their attorneys within three days. Civ.R. 53(D)(3)(a)(iii). The decision must "indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, * * * unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)." *Id.*

{¶ 33} A party wishing to object to the magistrate's decision must file written objections within 14 days of the filing of the magistrate's decision. Civ.R. 53(D)(3)(b)(i). For good cause shown, the trial court shall allow a reasonable extension of time for a

party to file objections. Civ.R. 53(D)(5). A party may not assign as error on appeal the trial court's adoption of any factual finding or legal conclusion unless the party has objected to that finding or conclusion. Civ.R. 53(D)(3)(b)(iv); *Daniel v. Walder*, 2d Dist. Montgomery No. 27709, 2018-Ohio-3195, ¶ 14.

{¶ 34} In this case, the magistrate informed Danford's counsel at the November 26, 2019 hearing that he would not grant prejudgment interest, and the magistrate and Danford's counsel had an extensive discussion of this issue. At the hearing, the magistrate crossed out the grant of prejudgment interest in the proposed judgment entry presented by Danford. The magistrate signed the proposed judgment entry on the signature line for "judge." The magistrate did not identify the default judgment entry as a magistrate's decision, nor did the decision include that notification required by Civ.R. 53(D)(3)(a)(iii). Danford did not file objections to the magistrate's decision on its motion for a default judgment.

{¶ 35} We previously noted that Ohio appellate courts have taken different approaches in determining the effect of the failure to comply with the requirements of Civ.R. 53(D)(3)(a)(iii) and analogous provisions, such as Crim.R. 19(D)(3)(a)(iii) and Juv.R. 40(D)(3)(a)(iii). *See State v. Wheeler*, 2016-Ohio-2964, 65 N.E.3d 182, ¶ 10-14 (2d Dist.); *Gerken v. Barber*, 2d Dist. Clark No. 2018-CA-65, 2019-Ohio-641, quoting *Wheeler*. "The Ninth District Court of Appeals has consistently held that the failure to comply with the requirements of Crim.R. 19(D)(3)(a)(iii) and its analogous provisions amounts to reversible error that requires the matter to be remanded to the trial court so that the magistrate can prepare and file a decision that comports with the requirements of the rule and so that the parties may have the opportunity to file objections." (Citations

omitted.) *Wheeler* at ¶ 11.

{¶ 36} In contrast, six appellate districts have held that, when a magistrate fails to comply with the notice requirement, the parties are relieved from the waiver rule and are permitted to raise assignments of error with respect to the magistrate's decision for the first time on appeal. *Id.* at ¶ 12-13 (citing cases from the Third, Fourth, Fifth, Seventh, Eleventh, and Twelfth Districts); *see also Saqr v. Naji*, 1st Dist. Hamilton No. C-160850, 2017-Ohio-8142, ¶ 19 ("Because the form fails to comply with Civ.R. 53(D)(3)(a)(iii), * * * Naji may raise his arguments for the first time on appeal, despite his failure to file objections."). The Third and Seventh Districts have further held that, where the assignment of error raised only the magistrate's failure to comply with Civ.R. 53(D)(3)(a)(iii), the appropriate remedy is to reverse the trial court's judgment and remand for the parties to have an opportunity to object to the magistrate's decision. *Wheeler* at ¶ 13, citing *Cooper v. Cooper*, 3d Dist. Marion Nos. 9-13-62, 9-13-64, 2014-Ohio-4991, ¶ 8; *Larson v. Larson*, 3d Dist. Seneca No. 13-11-25, 2011-Ohio-6013, ¶ 14; and *Walters v. Lewis*, 7th Dist. Mahoning No. 15 MA 0135, 2016-Ohio-1064, ¶ 18-19.

{¶ 37} In this case, we find that the appropriate remedy for the failure to comply with Civ.R. 53(D)(3)(a)(iii) is to reverse the trial court's judgment and remand the matter to allow the parties to file objections to the magistrate's decision on Danford's motion for default judgment. *See Gerken* at ¶ 16 (reversing and remanding the case to allow objections to be filed). *See also Waxman v. Link*, 2d Dist. Montgomery No. 28415, 2020-Ohio-47, ¶ 28. Given our conclusion that the trial court's grant of default judgment must be reversed, Danford's disagreement with the failure to grant prejudgment interest is more properly raised in objections to the magistrate's decision, rather than in this appeal.

### III. Conclusion

**{¶ 38}** The trial court's September 18, 2020 judgment will be reversed, and the matter will be remanded to allow the parties to file objections to the magistrate's November 26, 2019 decision on Danford Health Care's motion for default judgment and for additional proceedings consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Ronald J. Kozar
Tamila S. & Dewaine Wilson
Hon. Robert W. Rettich, III