[Cite as *Rose v. Stein*, 2026-Ohio-1369.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

SOL ROSE III

Plaintiff-Appellant,

v.

LOU STEIN ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 JE 0023**

---

Civil Appeal from the
Steubenville Municipal Court of Jefferson County, Ohio
Case No. 24-CVH-747

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

Sol Rose III, Plaintiff-Appellant and

Lou Stein and Jefferson Behavioral Health System, Defendants-Appellees.

Dated:  April 15, 2026

**DICKEY, J.**

{¶1}    Pro se Appellant, Sol Rose III, appeals from the August 5, 2025 judgment of the Steubenville Municipal Court granting judgment in his favor for conversion of his personal property and against Appellees, Lou Stein and Jefferson Behavioral Health System ("J.B.H.S."), in the amount of $683.50 plus eight percent interest following a bench trial.  On appeal, Appellant asserts the trial court erred in failing to specifically compensate him for his deceased daughter's urn and ashes and additionally argues he is entitled to punitive damages.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    J.B.H.S. is the owner of real property located at 414 North Sixth Street, Steubenville, Jefferson County, Ohio commonly known as Lighthouse Haven.  Stein is an employee of J.B.H.S. and serves as property manager.  Lighthouse Haven leases apartment units to low income individuals who have mental health related problems and/or drug addiction issues.  Housing is subsidized through the U.S. Department of Housing and Urban Development ("HUD").

{¶3}    On April 14, 2023, Appellant and J.B.H.S. entered into a written lease agreement.  Tenancy was month to month and rent was charged at $575 per month.  At some point, Appellant was terminated from HUD, had fallen behind on his rent, and by his own admission was four to six months delinquent.  J.B.H.S. filed eviction proceedings for nonpayment of rent.  J.B.H.S. later voluntarily dismissed all claims brought in that complaint without prejudice on December 27, 2023.

{¶4}    Appellant resided at the leased premises until March 21, 2024 when he was arrested and charged with felonious assault.  Appellant was later convicted.  Appellant never returned to the leased premises following his arrest and he has been incarcerated ever since.

{¶5}    Appellant's unit appeared to be vacant in March 2024.  Sometime in April 2024, Stein entered the unit to check on things and indicated it was in disarray.  About six to eight weeks after that, Stein re-entered the unit.  Stein bagged up Appellant's clothing and knickknacks and stored them in his garage.  Any remaining items were

discarded without proceedings in forcible entry and detainer ever being re-instituted and without any notice to Appellant.

**{¶6}** On December 11, 2024, Appellant filed a small claims complaint against Stein seeking damages in the amount of $7,000 for the value of his personal property that was negligently discarded. Because Appellant's complaint exceeded the $6,000 jurisdictional amount of the small claims division, the case was transferred to the regular civil docket.

**{¶7}** On January 16, 2025, Stein filed a Civ.R. 12(B)(1) and (6) motion to dismiss. On February 19, 2025, Appellant filed a response. The next day, the trial court overruled Stein's motion to dismiss. Stein filed an answer to the complaint on March 7, 2025.

**{¶8}** On May 6, 2025, Appellant filed an amended complaint naming Stein and J.B.H.S. On June 10, 2025, J.B.H.S. filed an answer.

**{¶9}** A bench trial was held on August 4, 2025. Appellant appeared pro se via video conferencing from the Noble Correctional Institution. J.B.H.S. was represented by Attorney Costa D. Mastros. Stein was present and was also represented by Attorney Mastros.

**{¶10}** At the bench trial, it was revealed that in order to gain access to Lighthouse Haven units, entry must be made through a secured front door first and then entry may be made to individual units. Appellant testified he was the only one with a key to his unit. Stein testified that without a key access through the front door, entry could only be permitted by security.

**{¶11}** Appellees argued that someone other than them may have taken Appellant's personal property. However, no one else should have had access to Appellant's unit as no one else had a key and would have had to be given access by security. Before his incarceration, Appellant was in possession of all of his personal property.

**{¶12}** In its August 5, 2025 judgment, the trial court stated:

> The Court believes that Defendant, Lou Stein trespassed into the Unit and negligently discarded whatever personal property was in the Unit other than the clothing and knickknacks that he bagged and stored for Plaintiff.

Case No. 25 JE 0023

The Court finds that Defendant, Lou Stein committed a trespass and was negligent in discarding Plaintiff's personal property without refiling an action in forcible entry and detainer and going through the proper legal process including seeking a writ of execution if necessary.

The Court does not believe that Defendant, Lou Stein, was unaware that Plaintiff was incarcerated in March, 2024.

. . .

Plaintiff has filed suit against Defendant, Lou Stein, in his individual capacity and seeks punitive damages. The Court finds that Defendant, Lou Stein, was acting within the scope of his employment with J.B.H.S. when he trespassed and made entry to Plaintiff's Unit and discarded some of his personal property. The Court does not find that Defendant, Lou Stein, acted with malice or was willful or fraudulent in his conduct. The Court awards no damages against Defendant, Lou Stein, in his individual capacity and no punitive damages.

Whereas Defendant, Lou Stein, was acting within the scope of his employment as property manager the Defendant J.B.H.S. is liable for the actions of its employee and is thus liable to Plaintiff.

. . .

Plaintiff testified to the fair market value of the personal property set forth on Plaintiff's Exhibit 2. . . . The values set forth in type are retail values and the Court has penned in fair market values beside each item as testified to by the Plaintiff. The Court finds these values to be reasonable.

J.B.H.S. permitted Plaintiff to partially furnish his Unit with furniture from the Dayroom but none of those items are set forth on Plaintiff's Exhibit 2 and at no time has Plaintiff sought damages for property that did not belong to him.

Case No. 25 JE 0023

Plaintiff has authorized Defendant, Lou Stein, to release the property that he is holding in storage to Margaret Garcia. Ms. Garcia may communicate with Mr. Stein by email addressed to loujstein@aol.com.

Defendant, Lou Stein shall make arrangements with Ms. Garcia to retrieve the Plaintiff's personal property that is in his possession within fifteen (15) days. Should Defendant, Lou Stein, have no communication with Ms. Garcia within fifteen (15) days the Defendant may dispose of the personal property in his possession.

The Court awards damages to Plaintiff for all items of personal property as set forth on Plaintiff's Exhibit 2 with the exception of clothing related items as enumerated in numbers 25 through 30 as those items are being returned to Plaintiff. The total fair market value of the remaining items is $683.50.

Plaintiff testified that his Bible and daughter's urn were among the items discarded. These items have obvious sentimental value to Plaintiff, however, the Court cannot make an award for sentimental value under Ohio law as any damages awarded would be speculative. No testimony was offered as to fair market value. Craft v. Oney, 1984 WL 4060, (2nd Dist.).

Following the testimony presented judgment is granted to Plaintiff against Defendant, Jefferson Behavioral Health System, [in] the sum of $683.50 with interest at the rate of 8%. . . .

(8/5/2025 Judgment Entry, p. 2-4).

{¶13} Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION WHEN IT DID NOT AWARD THE PLAINTIFF SOL ROSE III**

Case No. 25 JE 0023

**COMPENSATORY AND PUNITIVE DAMAGES WHEN PLAINTIFF STATED A CLAIM BY WHICH RELIEF WOULD HAVE BEEN GRANTED.**

**{¶14}** In his sole assignment of error, Appellant argues the trial court erred in failing to properly compensate him and believes he is entitled to punitive damages. Specifically, Appellant takes issue with not receiving damages for his deceased daughter's urn and ashes.

**{¶15}** "The measure of damages in a conversion action is the value of the property at the time it was converted." *Integrated Vascular Servs., L.L.C. v. Kuhel*, 2014-Ohio-5716, ¶ 69 (7th Dist.), citing *Tabar v. Charlie's Towing Serv., Inc.*, 97 Ohio App.3d 423, 428 (8th Dist. 1994).

> "[T]he purpose of punitive damages is not to compensate a plaintiff, but to punish and deter certain conduct." *Moskovitz v. Mt. Sinai Med. Ctr* (1994), 69 Ohio St.3d 638, 651, 635 N.E.2d 331. The focus of the award of punitive damages is the defendant, with consideration of the purpose of punishment and deterrence. *Dardinger v. Anthem Blue Cross & Blue Shield,* 98 Ohio St.3d 77, 781 N.E.2d 121, 2002-Ohio-7113, at ¶ 178. Punitive damages are available upon a finding of actual malice. *Calmes v. Goodyear Tire & Rubber Co.* (1991), 61 Ohio St.3d 470, 473, 575 N.E.2d 416. Actual malice is "'(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, *or* (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.'" (Emphasis sic.) *Id.,* quoting *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus. Punitive damages may be awarded only upon clear and convincing evidence. *Cabe v. Lunich* (1994), 70 Ohio St.3d 598, 601, 1994-Ohio-4, 640 N.E.2d 159.

> "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co.*

*v. Foley Const. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 376 N.E.2d 578. Furthermore, we must presume that the findings of the trier of fact are correct because the trier of fact is best able to observe the witnesses and use those observations in weighing the credibility of the testimony. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 10 OBR 408, 461 N.E.2d 1273.

*Fisher v. Barker*, 2005-Ohio-1039, ¶ 17-18 (2d Dist.).

{¶16} The record reveals Stein was acting within the scope of his employment with J.B.H.S. when he trespassed and made entry into Appellant's unit and discarded some of Appellant's personal property. However, there is no evidence that Stein acted with malice. Thus, the trial court did not err in awarding no damages against Stein in his individual capacity and no punitive damages. The court properly determined that because Stein was acting within the scope of his employment as property manager for J.B.H.S., J.B.H.S. is liable for the torts of its employee but not for punitive damages based on the facts presented. *See Thornton v. Delatore*, 2010-Ohio-6391, ¶ 37 (7th Dist.) (generally, an employer or principal is vicariously liable for the torts of its employees or agents under the doctrine of respondeat superior); *Athens & Pomeroy Coal & Land Co. v. Tracy*, 22 Ohio App. 21, 36 (1925) ("[p]unitive damages could not be assessed against the employer, unless such employer authorized or ratified or participated in the wrongdoing.")

{¶17} At the bench trial, Appellant testified to the fair market value of the personal property set forth in Plaintiff's Exhibit 2. Specifically, those items included the following: coffee maker; pots and pans; plates; silverware; pot holders; cooking utensils; microwave; cleaning supplies; rugs; end tables; lamps; drapes; blanket; pillows; hangers; televisions; speakers; clothes; shoes; jewelry; glasses; and a tablet. *See* (Plaintiff's Exhibit 2). The retail values of the items are set forth in type. (*Id.*). The trial court wrote in the fair market values beside each item as testified to by Appellant. (*Id.*). The court found the values to be reasonable and awarded Appellant $683.50 in compensatory damages.

{¶18} In this appeal, Appellant takes no issue with the foregoing items listed in Plaintiff's Exhibit 2. Rather, Appellant believes the trial court erred in not awarding him

additional damages for his deceased daughter's urn and ashes, items not listed in Plaintiff's Exhibit 2.

**{¶19}** No Ohio case law specifically permits recovery of sentimental value as an element of compensatory damages in a conversion action. *See Richmond v. Gerard*, 1996 WL 125548, * 3 (10th Dist. March 19, 1996); *Craft v. Oney*, 1984 WL 4060, * 3 (2d Dist. Oct. 17, 1984); *see also McCain v. Brewer*, 2015-Ohio-198 (2d Dist.) (no reversible error regarding loss of personal items, including an urn and ashes, in a conversion action).

**{¶20}** In its August 5, 2025 judgment, the trial court indicated the urn has obvious sentimental value to Appellant. However, the court did not err in determining it could not make an award for sentimental value under Ohio law as any damages awarded would be speculative. *See Richmond* at * 3; *Craft* at * 3. In addition, no testimony was offered regarding fair market value.

**{¶21}** Accordingly, although this is truly an unfortunate circumstance, the trial court did not commit reversible error in not awarding Appellant compensatory and punitive damages for his deceased daughter's urn and ashes based on the facts presented in this case and the record before us.

## CONCLUSION

**{¶22}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The August 5, 2025 judgment of the Steubenville Municipal Court granting judgment in Appellant's favor for conversion of his personal property and against Appellees in the amount of $683.50 plus eight percent interest following a bench trial is affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

Case No. 25 JE 0023

———————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Steubenville Municipal Court of Jefferson County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**